IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 06-749 T
(Judge Braden)

BRIAN ALAN BLAKLEY,
d/b/a/ TCS

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

ANSWER

---

Defendant, the United States, through its attorneys, hereby answers plaintiff's complaint. Defendant respectfully denies each allegation contained therein that is not admitted or otherwise expressly addressed below. Defendant further responds as follows:

1. Admits that plaintiff's claim is an action to recover internal revenue tax, but denies that such tax was erroneously or illegally assessed or collected. Avers that the second sentence makes legal assertions, which require no response. To the extent the second sentence also makes factual allegations, states that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations, but avers that plaintiff registered the firearm at issue as a "machinegun," which is taxable under the Internal Revenue Code.

2. Admits that plaintiff's employer identification number is as pleaded. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3. Admits the allegation contained in paragraph 3.

4. Avers that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.

5. Paragraph 5 expresses legal conclusions to which no response is necessary.

6. Paragraph 6 expresses legal conclusions to which no response is necessary. To the extent it is also making factual allegations, defendant denies them.

7. Paragraph 7 expresses a legal conclusion to which no response is necessary.

8. Paragraph 8 expresses legal conclusions to which no response is necessary.

9. Avers that plaintiff's federal firearms license number is 159103-07-5E-48218, but admits the remaining allegations contained in paragraph 9.

10. Denies the characterization of the firearm as a "rifle." Denies the allegation in the first sentence of paragraph 10 that plaintiff designed a "new" firearm containing an "improved firing mechanism," and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence. Denies the allegations contained in the third sentence of paragraph 10.

11. Denies the characterization of the firearm as a "rifle." Admits the allegation in the first sentence of paragraph 11 that plaintiff manufactured a firearm with the serial number

ATF0001, but states that it currently lacks knowledge or information sufficient to form a belief as to whether plaintiff manufactured a functionally identical firearm with the serial number 0000001. Denies the allegations contained in the second sentence with respect to the firearm with serial number ATF0001, and states that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations with respect to a firearm with serial number 0000001. Admits that plaintiff requested the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) to classify a firearm with the serial number ATF0001, but otherwise denies the allegations contained in the third sentence. Admits the allegation in the fourth sentence that a firearm with a serial number 0000001 was the subject of registration and of a tax-paid transfer, but denies that these actions were performed "contemporaneously" with the submission of the firearm with a serial number ATF0001 to ATF for classification.

12. Denies the characterization of the firearm as a "rifle." Admits the allegation contained in the first sentence of paragraph 12. The second sentence expresses a legal conclusion and requires no response. Admits the allegation in the third sentence that plaintiff submitted ATF Form 2, dated December 21, 2003, to register a firearm with serial number 0000001; avers that registration of that firearm occurred on January 22, 2004; and states that it currently lacks knowledge or information sufficient to form a belief regarding plaintiff's knowledge and reasons for registering the firearm.

13. Admits the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14.

15. Denies the characterization of the firearm as a "rifle." Admits the allegations contained in the first and second sentences of paragraph 15, and avers that the firearm with a serial number ATF0001 is a "machinegun" under the National Firearms Act. Denies the allegations contained in the third and fourth sentences, and states that the letter speaks for itself. Admits the allegation contained in the fifth sentence of paragraph 15.

16. Paragraph 16 rephrases a statute and requires no response.

17. Denies the characterization of the firearm as a "rifle." Admits the allegations contained in the first and second sentences, and avers that applicants may send an ATF Form 2, together with a firearm model, to ATF's Firearms Technology Branch, but are also required to send an original ATF Form 2 to ATF's National Firearms Act Branch.

18. Admits the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20.

21. Paragraph 21 expresses legal conclusions to which no response is necessary. To the extent it is also making factual allegations, defendant states that it currently lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

22. Paragraph 22 expresses legal conclusions to which no response is necessary. To the extent it is also making factual allegations, defendant states that it currently lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

23. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Defendant is prohibited from responding to the allegations contained in paragraph 24 by 26 U.S.C. § 6103, which prevents the unauthorized disclosure of tax return or return information. Additionally, any response would not be relevant to the claims presented in the complaint.

25. Paragraph 21 expresses legal conclusions to which no response is necessary. To the extent it is also making factual allegations, defendant states that it currently lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

26. Denies that ATF's classification of plaintiff's firearm with a serial number ATF0001 as a "machinegun" is contrary to law. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the firearms with serial numbers ATF0001 and 0000001 are functionally identical. As to the reference in paragraph 26 to prior administrative determinations, see defendant's response to paragraph 24.

WHEREFORE, the United States prays the complaint be dismissed with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

March 2, 2007

s/G. Robson Stewart
Of Counsel