EXHIBIT 1

U.S. Departme of Justice

Tax Division

Please reply to: Court of Federal Claims Section
P.O. Box 26
Franklin Station
Washington, D.C. 20044

*Facsimile No. (202) 514-9440*
*Trial Attorney: Jacob E. Christensen, Esquire*
*Attorney's Direct Line: (202) 307-0878*

EJO'C:DG:GRS:JEChristensen
154-2531
CMN 2007100624

JUN 28 2007

Robert G. Nath, Esq.
7th Floor, 8280 Greensboro Drive
McLean, Virginia 22101

Re: *Blakley v. United States*, Fed. Cl. No. 06-749 T

Dear Mr. Nath:

This refers to the above-referenced suit for refund of the transfer tax imposed by 26 U.S.C. § 5811 on certain transfers of firearms. It has come to our attention that plaintiff is entitled to recover the $200 transfer tax, paid with respect to the transfer of a machine gun, on the sole basis that the transfer was made between "special (occupational) taxpayers" and, therefore, is exempt from the transfer tax under § 5852(d). The United States reaffirms the proper classification of the firearm transferred by plaintiff as a "machine gun," within the meaning of § 5845(b); however, the exemption provided by § 5852(d) applies to all firearms, including machine guns, that are transferred between special occupational taxpayers.

Accordingly, this is to advise you that a concession in this case has been approved on behalf of the Attorney General. The Bureau of Alcohol, Tobacco, Firearms, and Explosives has been authorized and directed to schedule an overpayment of transfer tax with regard to plaintiff's transfer of the firearm, plus interest according to law. The overpayment is the amount plaintiff would have received (other than costs) had he prevailed in this litigation. Subject to the final paragraph of this letter, the refund check representing the overpayment and statutory interest will be sent by the Bureau to this office for delivery to you.

There is also enclosed a stipulation for dismissal with prejudice, each party to bear its own costs, including any attorneys fees or other expenses of this litigation. Please execute the stipulation and return it to this office. We will hold the stipulation until receipt of the refund check and will file the stipulation with the court, returning an executed copy to you, at the same time that the check is mailed to you.

Christensen # 8118

Please note that under Section 6402 of the Internal Revenue Code, the overpayment and statutory interest resulting from this concession may be credited against certain liabilities of the taxpayer, including liability for an internal revenue tax.

Sincerely yours,

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

By: [signature]
DAVID GUSTAFSON
Chief
Court of Federal Claims Section

Enclosures

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-749 T
(Judge Braden)

BRIAN ALAN BLAKLEY,
d/b/a/ TCS

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

STIPULATION OF DISMISSAL

It is hereby stipulated and agreed that the complaint in the above-entitled case be dismissed with prejudice, the parties to bear their respective costs, including any possible

attorneys' fees or other expenses of this litigation.

Respectfully submitted,

_______________________

ROBERT G. NATH
7th Floor, 8280 Greensboro Drive
McLean, VA 22102
(703) 761-5014

Dated: ____________

Attorney for Plaintiff

_______________________

JACOB E. CHRISTENSEN
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0878

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

_______________________

Of Counsel

Dated: ________________

Attorneys for Defendant