EXHIBIT 1

**U.S. Department of Justice**

**Tax Division**

*Facsimile No. (202) 514-9440*
*Trial Attorney: Jacob E. Christensen, Esquire*
*Attorney's Direct Line: (202) 307-0878*

*Please reply to:* *Court of Federal Claims Section*
*P.O. Box 26*
*Franklin Station*
*Washington, D.C. 20044*

EJO'C:DG:GRS:JEChristensen jc
154-2531
CMN 2007100624

JUN 28 2007

Robert G. Nath, Esq.
7th Floor, 8280 Greensboro Drive
McLean, Virginia 22101

Re: *Blakley v. United States*, Fed. Cl. No. 06-749 T

Dear Mr. Nath:

This refers to the above-referenced suit for refund of the transfer tax imposed by 26 U.S.C. § 5811 on certain transfers of firearms. It has come to our attention that plaintiff is entitled to recover the $200 transfer tax, paid with respect to the transfer of a machine gun, on the sole basis that the transfer was made between "special (occupational) taxpayers" and, therefore, is exempt from the transfer tax under § 5852(d). The United States reaffirms the proper classification of the firearm transferred by plaintiff as a "machine gun," within the meaning of § 5845(b); however, the exemption provided by § 5852(d) applies to all firearms, including machine guns, that are transferred between special occupational taxpayers.

Accordingly, this is to advise you that a concession in this case has been approved on behalf of the Attorney General. The Bureau of Alcohol, Tobacco, Firearms, and Explosives has been authorized and directed to schedule an overpayment of transfer tax with regard to plaintiff's transfer of the firearm, plus interest according to law. The overpayment is the amount plaintiff would have received (other than costs) had he prevailed in this litigation. Subject to the final paragraph of this letter, the refund check representing the overpayment and statutory interest will be sent by the Bureau to this office for delivery to you.

There is also enclosed a stipulation for dismissal with prejudice, each party to bear its own costs, including any attorneys fees or other expenses of this litigation. Please execute the stipulation and return it to this office. We will hold the stipulation until receipt of the refund check and will file the stipulation with the court, returning an executed copy to you, at the same time that the check is mailed to you.

Christensen # 8118

Please note that under Section 6402 of the Internal Revenue Code, the overpayment and statutory interest resulting from this concession may be credited against certain liabilities of the taxpayer, including liability for an internal revenue tax.

Sincerely yours,

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

By: [signature]
DAVID GUSTAFSON
Chief
Court of Federal Claims Section

Enclosures