IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-749 T
(Judge Braden)

BRIAN ALAN BLAKLEY,
d/b/a/ TCS

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

MOTION TO VACATE FINAL ORDER,
TO RESTORE CASE TO ACTIVE DOCKET, OR
ALTERNATIVELY, TO AMEND OR CLARIFY FINAL ORDER

The Plaintiff, Brian Alan Blakley, hereby moves this Court pursuant to RCFC 59 to vacate its Final Order entered July 12, 2007, to restore this case to the active docket, or alternatively, to amend or clarify the Final Order to ensure plaintiff has obtained the relief actually requested.

This motion is necessary because we believe and suggest to the Court that its Final Order was entered prematurely, that the Court apparently concluded that the defendant had conceded the case (by requesting that this Court enter judgment *against itself* and in favor of plaintiff), whereas in fact just the *opposite* is true. As we explain below, the defendant has *not* conceded the case but instead has cleverly sought to avoid

such concession, while at the same time defeating this Court's jurisdiction and thereby depriving the plaintiff the right granted by law to have his claim for refund reviewed by this Court on the merits. The plaintiff is outraged by the defendant's so-far successful effort to induce this Court to defeat and deny its own jurisdiction to rule on the merits of plaintiff's claim.

If, alternatively, the Final Order is to stand, we request that the Final Order reflect a *true* concession, that is, a concession by the defendant that plaintiff is entitled to the relief sought in its claim for refund and in this Complaint filed herein. (We also note that plaintiff's undersigned counsel was in the process of preparing timely oppositions to defendant's motions when the Final Order was entered.)

SUMMARY OF ARGUMENT

Contrary to the statements in the defendant's recent motion to suspend proceedings and motion for entry of judgment (which resulted in the Final Order), the United States has in fact *not* conceded the matter before this Court; the case is not moot; judgment should not have been entered for plaintiff without also a ruling on the issue of whether plaintiff's firearm is a "machinegun". Instead, both motions were attempts to circumvent this Court's valid jurisdiction of plaintiff's claim for tax refund and thereby to avoid, by a tactic legally unavailable to the defendant, a decision on the merits of plaintiff's claim for refund. Moreover, the defendant's grounds for its motions are in contravention of, its own regulations.

FACTS

We believe the following facts concerning the motions are not in dispute, as most are derived substantially from the pleadings including the defendant's admissions to

certain allegations in the Complaint. Other procedural facts relating to the motions are not reasonably in dispute or may be taken as true for purposes of the motions.

Plaintiff, Brian A. Blakley, is duly licensed as a manufacturer of firearms by the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE), an agency of the United States Department of Justice. Plaintiff is also a special (occupational) taxpayer under the National Firearms Act, 26 U.S.C. Section 5801 et seq. (sometimes, the "NFA") Complaint and Answer, par. 9.

In December, 2003, plaintiff manufactured the firearm that is the subject of this lawsuit (AR16, serial number 0000001) and duly registered that firearm with BATFE. Complaint, par. 11.

On May 14, 2004, plaintiff filed an Application for Tax Paid Transfer and Registration of Firearm with BATFE and paid the $200 transfer tax required for such transfers. Section 5811-5812, 26 U.S.C. Complaint and Answer, par. 13. On June 4, 2004, defendant's agency, BATFE, approved the application and negotiated plaintiff's $200 check. Complaint and Answer, par. 14.

Plaintiff did not claim - at that time or since - that his firearm, s/n 0000001, was exempt from the transfer tax under any provision of the NFA (including the exemption for transfers between special occupational taxpayers (the "exemption") – see discussion below), except for contending that the firearm was not subject to the tax since it was not a "machinegun" within the meaning of the NFA. BATFE did not suggest or claim – at that time or since, until June 28, 2007 – that any statutory exemption from the transfer tax was available or could be used; in fact, BATFE *approved* the *tax-paid* transfer as noted above. Complaint and Answer, pars. 13-14.

In addition to the tax-paid transfer described above, plaintiff also requested an administrative ruling from BATFE that his firearm was not an NFA “machinegun.” For this purpose, plaintiff manufactured a second firearm that (the Complaint contends; Answer lacks knowledge) is functionally identical to the first firearm (AR16, s/n 0000001). Plaintiff designated the second firearm as “ATF0001.” Complaint and Answer, par. 11.

Plaintiff requested this administrative ruling by letter dated December 21, 2003. On September 16, 2004, BATFE wrote to the plaintiff, rejecting his letter claim of December 21, 2003, and ruling that the firearm was a machinegun under the NFA.

Following the rejection of his administrative claim, on November 15, 2004, plaintiff filed a claim for refund of the tax paid on the transfer (of AR16, s/n 0000001) described above. Complaint, par 19. By letters dated June 14, 2005 and September 28, 2005 (the latter by certified mail), BATFE rejected the claim for refund. Again, at no time in any of the above-described letters, rulings, claims, etc. did the plaintiff claim that the transfer was entitled to the exemption from the transfer tax. At no time did defendant suggest that it was.

Plaintiff then filed this lawsuit, invoking this Court’s jurisdiction as a traditional tax refund suit. To the Complaint, Plaintiff attached and incorporated by reference the administrative claims and rulings described above. In the pleadings, plaintiff did not claim, and defendant did not suggest by its Answer, that any exemption from the transfer tax was available (except for plaintiff’s contention on the merits that his firearm was not subject to the tax because it was not a “machinegun.”)

On June 28, 2007, defendant wrote to plaintiff, indicating that it had "come to our attention that plaintiff is entitled to recover the $200 transfer tax…." However, in a very critical statement that was omitted from its motions, that letter also *"reaffirms" defendant's position that plaintiff's invention is an NFA machinegun.* Defendant attached this letter to a motion to suspend proceedings, and when plaintiff indicated he would not agree to that motion and that the case was not moot (because defendant had refused to rule on the merits of plaintiff's claim-see letter of July 6, 2007, Exhibit A to this motion), defendant withdrew that motion, replacing it with a motion in which defendant actually asked this Court to rule *against* itself and "enter judgment in favor of plaintiff and against the United States." But that was *all* defendant requested; it did *not* concede the issue that was and should still be before the Court.

ARGUMENT

DEFENDANT'S ATTEMPTED CONCESSION IS
CONTRARY TO STATUTE AND TO ITS OWN REGULATIONS

The National Firearms Act, 26 U.S.C. Section 5801 et seq., imposes a tax on the transfer of firearms subject to that act. Section 5811-5812 imposes this tax. The plaintiff paid this transfer tax, as described above, on the transfer of AR16, s/n 0000001.

Section 5852 of Title 26, U.S.C., provides for certain exemptions from this transfer tax. Among these is an exemption for "special (occupational) taxpayers," of which plaintiff is one. Section 5852(d). This section provides, in part, that a firearm registered to a special (occupational) taxpayer "may" be transferred "by that person without payment of the transfer tax…" under certain conditions. As with similar exemption statutes, this provision is explicitly permissive, not mandatory.

BATFE's regulations implementing the above sections are found in 27 CFR, Ch. II, and specifically for this purpose, Sections 479.84 and 479.88. Section 479.84 (Application to Transfer) provides, in pertinent part, that "no firearm may be transferred in the United States unless an application, Form 4 (Firearms), Application for Transfer and Registration of Firearm…" is filed with and approved by BATFE. Plaintiff filed such form and BATFE approved it on June 2, 2004. Section 479.88 (Special (occupational) taxpayers) provides for an exemption from the above tax in certain cases. Section 479.88(b) explicitly states that the exemption "shall be obtained by the *transferor*" (here, plaintiff). Section 479.88(c) further provides that "the *transferor* shall be responsible for establishing the exempt status…." (Emphasis added)

This regulation – which BATFE is charged with administering – makes the "transferor" responsible for claiming an exemption from tax and filing the appropriate exemption form (Form 3). The regulation nowhere allows the *government* to invoke the exemption. Here, the plaintiff did not file Form 3, and did not claim the exemption. BATFE could at any time have noted the availability of such an exemption; it did not. Instead BATFE approved plaintiff's tax-paid transfer on Form 4.

Now, more than *three years* after BATFE approved the tax-paid transfer, and more than two years after the plaintiff filed his refund claim which BATFE rejected *on the merits*, the defendant says "[i]t has come to [the government's] attention" (page 1, defendant's letter of June 28, 2007) that the exemption may be available and the defendant rushed to "approve" a concession of the lawsuit **(but without conceding the *only* issue in the case)**. Moreover, this realization comes from the same party that reviews, interprets, and otherwise administers the tax-paid and exemption regulation

*every day.* We believe this attempted invocation of an exemption to be inappropriate at the very least, and we urge this Court to reject it.

Defendant's "withdrawal" of its motion to suspend, only to replace it with a motion for entry of judgment *in plaintiff's favor,* is no different. By the replacement motion the defendant takes the unusual step of asking this Court to rule *against itself, and* moreover to do so in a way that does *not* truly rule against it – in short, an attempt to give plaintiff a refund without a ruling that plaintiff is entitled to that refund by law.

Plaintiff has no interest in obtaining a $200 tax refund where the result is that he is nowhere past where he started. If defendant were to concede that plaintiff's claim for refund should be granted on the merits, defendant would be amenable to such a solution. However, as presently phrased, the Final Order affirms that defendant has avoided such a resolution. At a cost of $200, the defendant "has its cake and eats it too."

THE DEFENDANT HAS NOT "CONDEDED THIS CASE"
AND THE CASE IS THEREFORE NOT MOOT

The defendant's motions contended that the United States has conceded the case, and referred to its letter date June 28, 2007. The motions failed to add, but the letter *does,* that the defendant still considers plaintiff's invention to be an NFA "machinegun." That part is *not* conceded – at least not in the letter. So the defendant tries to concede the "case," but the "concession" letter fails to concede the only issue in the case. This case is not "conceded" at all.

The defendant's imprecision in stating the issue should be telling. As we described above, before filing this suit plaintiff sought an administrative ruling from BATFE that his invention was not a machinegun. BATFE ruled that it was. Plaintiff transferred the firearm using BATFE's approved forms, in particular Form 4, and paid

the $200 transfer tax. BATFE ***approved the transfer*** and so indicated by its official's signature and the transfer stamps BATFE itself affixed to the Form 4. Plaintiff then filed a claim for refund, contending specifically and explicitly that his invention was not a machinegun under the NFA. BATFE denied the claim, ruling specifically and explicitly that plaintiff's invention *was* a machinegun in its opinion. Plaintiff followed by filing this suit, contending his invention was not a machinegun. Defendant answered, admitting and denying the allegations of the Complaint, and contending plaintiff's invention was a machinegun, but nowhere even hinting it thought plaintiff's transfer was "exempt" and certainly not "conceding" the case. This is case is not "moot" and we urge this Court to reject any suggestion that it is.

THE PLAINTIFF HAS CORRECTLY INVOKED
THIS COURT'S REFUND JURISDICTION AND
DEFENDANT CANNOT DEFEAT THAT JURISDICTION
BY ATTEMPTING TO INVOKE EXEMPTIONS
NOT AT ISSUE IN THE CASE

The defendant's motions cloud the precise legal issue in this case and the grounds for this Court's jurisdiction. The plaintiff filed a claim for tax refund based on the contention that his invention was not a "machinegun" under the NFA. The defendant denied the claim based on the opposite conclusion. Then plaintiff correctly invoked this Court's jurisdiction to place at issue the defendant's rejection of the claim for refund and plaintiff's entitlement to a judicial ruling that his invention is not subject to the transfer tax *because it is not an NFA "machinegun*."

What is or should be before this Court is a judicial review of the defendant's rejection of plaintiff's claim for tax refund – on the grounds stated in that claim. This

Court incontestably has jurisdiction of that claim for refund, and *we do not understand defendant to have contended to the contrary*. In fact, in the Joint Preliminary Status Report in this matter, the parties stated in part, "Jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. section 1491," and "The *sole* issue in this case is whether plaintiff's firearm…" is a machinegun "and thus subject to the transfer tax on firearms by 26 U.S.C. section 5811" (emphasis added.) That is the issue before this Court, defendant has admitted this, and plaintiff insists on his right to judicial review of the defendant's rejection of the refund claim on the merits of that claim. (As noted above, if defendant were to offer the same as a settlement, short of a ruling by this Court, plaintiff would be amenable to such a settlement.)

That jurisdiction cannot be defeated by the defendant's attempt to call upon an alleged exemption provision that was never used, never claimed, never pleaded, and which would be plaintiff's to invoke in any event. The motions should therefore have been recognized for what they are – transparent attempts to defeat this Court's jurisdiction and avoid getting to the merits.

ALTNERATIVELY, THIS COURT SHOULD AMEND OR CLARIFY THE FINAL ORDER TO PROVIDE FOR THE RELIEF REQUESTED

If the intent of the Court's Final Order was to grant the relief sought by plaintiff because the defendant has truly conceded this case, then the Final Order is not explicit on this point. This Court can, and we urge it to, amend the Final Order (if that order is not vacated) to provide that plaintiff is entitled to judgment his favor with respect to the matters alleged in plaintiff's claim for tax refund, specifically, that plaintiff's firearm,

AR16, s/n 0000001, is not a “machinegun” within the intent of the National Firearms Act.

CONCLUSION

For the foregoing reasons, this Court should vacate its Final Order, reinstate the case to the active docket, or alternatively, amend its Final Order to provide that plaintiff’s firearm is not a “machinegun” within the intent of the National Firearms Act.

Respectfully submitted,

_____s/___________________________

Robert G. Nath
7th Floor, 8280 Greensboro Drive
McLean, Virginia 22102
Tel: 703-761-5014

Date: July 13, 2007

Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has been made on plaintiff this __13th___ day of July, 2007, by mailing the original thereof, in a postage prepaid envelope, to the following address:

JACOB E. CHRISTENSEN
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044