IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-749 T
(Judge Braden)

BRIAN ALAN BLAKLEY,
d/b/a/ TCS

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

MEMORANDUM OF THE UNITED STATES
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT UNDER RULE 60[1]

The Government has conceded this tax refund suit, and moved for entry of judgment against itself. The Court entered judgment, but plaintiff has moved the Court to vacate the judgment, because plaintiff wants the Court to address certain issues that are of interest to plaintiff. The Court should deny the motion.

This case is a tax refund suit. It is not a firearm classification suit, as plaintiff would have it.[2] Unlike firearm classification suits, the fundamental issue in a tax refund suit is whether the

[1] Plaintiff has moved for relief under both RCFC 59 and RCFC 60. Rule 59(b) prohibits defendant from responding without a request by the Court, but Rule 60 contains no such provision.

[2] Firearm classification suits are ordinarily brought in district court, in the nature of a declaratory judgment action. *See, e.g.*, *Modern Muzzeloading, Inc. v. Magaw*, 18 F. Supp.2d 29

taxpayer has overpaid his tax. *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932) ("[T]he ultimate question presented, upon a claim for refund, is whether the taxpayer has overpaid his tax."); *see also Dysart v. United States*, 340 F.2d 624 (Ct. Cl. 1965). Because the Government fully conceded the fundamental issue in this case, *i.e.*, whether plaintiff was entitled to a refund of the transfer tax imposed by § 5811 on the transfer of a firearm by plaintiff, the Court's entry of judgment in favor of plaintiff, in the full amount requested in his refund claim filed with ATF and in his complaint filed with the Court, was appropriate.[3]

Thus, the Court having granted judgment on the only issue conferring jurisdiction on the Court, *see Todd v. United States*, 386 F.3d 1091, 1093 (Fed. Cir. 2004) ("The [Court's] jurisdiction . . . is limited to 'actual, presently due money damages against the United States'") (citing *United States v. King*, 395 U.S. 1, 3 (1969)), any further determination by the Court regarding the proper classification of plaintiff's firearm would be in the nature of a declaratory judgment and would be beyond the Court's jurisdiction, *see King*, 395 U.S. at 5; *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *see also Pohl Corp. v. United States*, 22 Cl. Ct. 849

---

(D.D.C. 1998). Nothing prevents plaintiff from filing suit in district court now, *see* 28 U.S.C. § 2401 (providing a six-year statute of limitations on actions brought against the United States), if his true purpose is to litigate the classification of his firearm.

[3] The Government's concession does not contravene the regulations, as suggested by plaintiff. Plaintiff, through his attorney, did in fact file a claim for a refund of the transfer tax with ATF. Compl. ¶ 19. Although plaintiff's claim was not filed on Form 3, as provided by the regulations, the claim was sufficient to satisfy the requirements of § 7422 (that a refund claim be filed prior to suit) under the well-established doctrine of "informal" refund claims. *See, e.g.*, *Computervision Corp. v. United States*, 445 F.3d 1355 (Fed. Cir. 2006). Aside from this formal defect, plaintiff does not dispute that his transfer of the firearm qualified for the exemption provided in § 5852(d). Moreover, the grounds for the Government's concession, although appropriate and warranted in this case, are not relevant to the jurisdictional limitations on the Court, discussed *infra*, to grant plaintiff's motion.

(1991) (holding, *inter alia*, that the court lacked equitable jurisdiction to render an opinion in a tax refund suit after the Government conceded for the full amount of the refund sought) (attached, Ex. 1).

Additionally, plaintiff's motion must be denied because this case no longer involves a justiciable "case or controversy," since the Government has conceded that, under the exemption, plaintiff is not liable for the transfer tax and is entitled to the full amount requested in his claim for refund filed with ATF and in his complaint filed with the Court. *See* U.S. Const. art. III, § 2 (limiting the jurisdiction of federal courts to actual cases or controversies); *see also American Maritime Transp., Inc. v. United States*, 18 Cl. Ct. 283, 290 (1989) (recognizing that the Court of Federal Claims, although an Article I court, applies the case or controversy requirement of Article III).

WHEREFORE, the plaintiff's motion, pursuant to RCFC 60, for relief from judgment should be denied.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

July 23, 2007

s/David Gustafson
Of Counsel