IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-749 T
(Judge Braden)

BRIAN ALAN BLAKLEY,
d/b/a/ TCS

Plaintiff,

v.

THE UNITED STATES,

Defendant.

MOTION OF THE PLAINTIFF FOR
AN AWARD OF ATTORNEYS' FEES
AND COSTS

The Plaintiff herein, Brian A. Blakley, hereby moves this Court, pursuant to Section 2412 of Title 28, United States Code, the Equal Access to Justice Act ("EAJA") and Section 7430 of the Internal Revenue Code of 1986 (26 United States Code) for an award of attorneys' fees and costs, and in support of this motion, alleges as follows:

1. On July 13, 2007, this Court entered Final Judgment in favor of the plaintiff in this matter. The entry of this judgment followed motions, by the defendant, seeking suspension of proceedings, and thereafter, seeking entry of judgment *against itself.* Among other matters, defendant represented in these motions that "The United States has conceded this case…." and the Court ruled "…the Government has conceded this case…." (Final Order filed July 12, 2007)

2. The plaintiff is the "prevailing party" in this litigation and is eligible to receive an award under EAJA and 26 U.S.C. Section 7430.

3. The amount sought by this motion is $20,946.40, as itemized in Exhibit A to this motion (Form 5, RCFC). The statement of fees and costs is current as of August 7, 2007, and is ongoing to include fees for this motion and such other fees and costs as allowed by law.

4. Exhibit B contains statements of the actual time expended and the rate at which fees and other expenses were computed, for the undersigned counsel of record and for co-counsel (not of record), Stephen Halbrook.

5. Plaintiff alleges that the position of the United States in this matter was not substantially justified.

6. With respect to the plaintiff's entitlement to an award of fees and costs under Section 7430 of the Internal Revenue Code, the "exhaustion of administrative remedies" requirement of Section 7430 has been fulfilled under Regulation Section 7430(f)(3).

7. The plaintiff is the prevailing party on two grounds. First, plaintiff prevailed because the defendant completely conceded "the case," entitling plaintiff to an award of monetary relief which the Court has ordered.

In addition, plaintiff is the prevailing party on the merits of his claim for tax refund, despite defendant's effort to carve out such a concession from its concession of the entire "case." We request that this Court take judicial notice of all papers filed in this matter, including the pleadings (which included the plaintiff's claim for refund) and the Joint Preliminary Status Report, as well as all other filings. In those documents, the parties defined the *sole* issue as whether plaintiff's invention constituted a "machinegun" under the National Firearms Act. The defendant's concession of the "case" should therefore be read to go beyond the simple refund of $200, since this Court's jurisdiction

was explicitly and concededly based on a valid refund claim which was denied by the defendant. See JPSR. That denial of the refund claim was the *only* subject of this lawsuit. The defendant therefore cannot concede the dollars in the case without also conceding the claim for refund.

*Pohl v. United States,* 22 Cl. Ct. 849 (1991) is not to the contrary. In that case, the Court rested its decision in part on the following language: "When defendant conceded *every issue* between the parties entitling plaintiff to the full amount of its claim…" the adversary context of the case disappeared. (Emphasis added) Here, that is manifestly *not* so, as defendant has only conceded the dollars, but by its letter accompanying its motion, has attempted to avoid conceding "every issue between the parties entitling plaintiff [to a money judgment]." In fact, the defendant attempted not to concede the *only* issue. If defendant acknowledges that it concedes plaintiff's invention is not an NFA machinegun, then that concession should be explicit. On this ground as well, plaintiff is the prevailing party.

WHEREFORE, plaintiff prays as follows:

1. That this Court enter an award of attorneys' fees and costs for the full amount claimed herein, or such other amount as is allowed by law.

2. That this Court grant such other and further relief as is merited.

Respectfully submitted,

____s/________________________

Robert G. Nath
7th Floor, 8280 Greensboro Drive
McLean, Virginia 22102
Tel: 703-761-5014
Counsel for Plaintiff

Date: August 10, 2007

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has been made on plaintiff this 10TH day of August, 2007, by mailing the original thereof, in a postage prepaid envelope, to the following address:

JACOB E. CHRISTENSEN
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

Robert G. Nath
7th Floor, 8280 Greensboro Drive
McLean, VA 22102

Tel: 703-761-5014
Fax: 703-761-5023