IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-749 T
(Judge Braden)

BRIAN ALAN BLAKLEY,
d/b/a/ TCS

Plaintiff,

v.

THE UNITED STATES

Defendant.

OPPOSITION OF THE UNITED STATES
TO PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND COSTS

RICHARD T. MORRISON
Acting Assistant Attorney General

DAVID GUSTAFSON
G. ROBSON STEWART
JACOB E. CHRISTENSEN
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0878
(202) 514-9440 (Facsimile)

**Page**

## TABLE OF CONTENTS

Memorandum of the United States in opposition to plaintiff's motion for attorney fees and costs. . . . . . 1

Statement. . . . . . 3

Argument. . . . . . 5

I. *The position of the United States prior to and during the litigation of this case was substantially justified, and plaintiff is not entitled to attorney fees and costs.* . . . . . . 5

II. *Plaintiff is not entitled to recover attorney fees incurred in connection with the administrative proceedings before ATF.* . . . . . . 7

III. *The rates billed by plaintiff's attorneys during this litigation are unreasonable and excessive.* . . . . . . 10

Conclusion. . . . . . 12

**Page**

## TABLE OF AUTHORITIES

**Cases:**

*Amend v. Merit Sys. Protection Bd.*, 221 Fed. Appx. 983 (Fed. Cir. 2007). . . . . . . . . . . . . 8

*Blaustein & Reich, Inc. v. Buckles*, 365 F.3d 281 (4th Cir. 2004). . . . . . . . . . . . . . . . . . . . 8

*Cassuto v. Comm'r*, 936 F.2d 736 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Columbus Fruit & Vegetable Co-op. Ass'n v. United States*, 8 Cl. Ct. 525 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Computervision Corp. v. United States*, 445 F.3d 1355 (Fed. Cir. 2006). . . . . . . . . . . . . . . 4

*Cook v. Brown*, 68 F.3d 447 (Fed. Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Demko v. United States*, 44 Fed. Cl. 83 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gun South Inc. v. Brady*, 711 F. Supp. 1054 (N.D. Ala. 1989). . . . . . . . . . . . . . . . . . . . . . 3

*Kansas City Southern Transp. Co. v. United States*, 11 Cl. Ct. 484 (1986). . . . . . . . . . . . 2

*Kaufman v. Egger*, 584 F. Supp. 872 (D. Me. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Kenagy v. United States*, 942 F.2d 459 (8th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Kuns Constr. Co., Inc. v. United States*, 16 Cl. Ct. 431 (1989). . . . . . . . . . . . . . . . . . . . . 10

*Larsen v. United States*, 39 Fed. Cl. 162 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lawler v. United States*, 16 Cl. Ct. 53 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

*Levernier Constr., Inc. v. United States*, 947 F.2d 497 (Fed. Cir. 1991) . . . . . . . . . . . . 8, 9

*Modern Muzzeloading, Inc. v. Magaw*, 18 F. Supp.2d 29 (D. D.C. 1998). . . . . . . . . . . . . 3

*Oliveira v. Untied States*, 827 F.2d 735 (Fed. Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pierce v. Underwood*, 487 U.S. 552 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10, 11

**Page**

**Cases (continued):**

*Police Automatic Weapons Servs., Inc. v. Benson*, 837 F. Supp. 1070 (D. Or. 1993). . . . . . . . . . 3

*Powell v. Comm'r*, 791 F.2d 385 (5th Cir. 1986). . . . . . . . . . 2, 5

*Powers v. Comm'r*, 43 F.3d 172 (5th Cir. 1995). . . . . . . . . . 10

*Sharp v. United States*, 20 F.3d 1153 (Fed. Cir. 1994). . . . . . . . . . 5

*Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177 (Fed. Cir. 1994). . . . . . . . . . 7

*United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440 (10th Cir.1985). . . . . . . . . . 2

*United States v. Idaho*, 508 U.S. 1, 7-8 (1993). . . . . . . . . . 7

*Universal Fid. v. United States*, 70 Fed. Cl. 310 (2006). . . . . . . . . . 8, 9

**Statutes:**

28 U.S.C. § 2412 (EAJA). . . . . . . . . . *Passim*

Internal Revenue Code of 1986, as amended (26 U.S.C.):

§ 5811.. . . . . . . . . . 3, 6, 7, 8
§ 5845.. . . . . . . . . . 3, 6
§ 5852.. . . . . . . . . . 3, 4, 5
§ 7422.. . . . . . . . . . 4
§ 7430.. . . . . . . . . . *Passim*
§ 7801.. . . . . . . . . . 8

Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96 Stat. 324. . . . . . . . . . 8

Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.. . . . . . . . . . 8

**Miscellaneous:**

H.R. Conf. Ref. No. 99-841 (1986), *reprinted in* 1986-3 C.B. (vol. 4) 1. . . . . . . . . . 2

**Page**

**Miscellaneous (continued):**

Rev. Proc. 2004-71, 2004-50 I.R.B. 970. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rev. Proc. 2005-70, 2005-47 I.R.B. 979. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rev. Proc. 2006-53, 2006-48 I.R.B. 996. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Treasury Order No. 221, 1972-1 C.B. 777.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-749 T
(Judge Braden)

BRIAN ALAN BLAKLEY,
d/b/a/ TCS

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

MEMORANDUM OF THE UNITED STATES
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND COSTS

The United States opposes plaintiff's motion for attorney fees and costs, in which plaintiff seeks to recover nearly $21,000 in attorney fees and costs that he allegedly incurred to obtain a refund of only $200. Plaintiff's motion follows a concession by the Government (resisted by plaintiff) that plaintiff was entitled to recover a $200 transfer tax he paid on the transfer of a firearm. The basis for that concession was that the transfer of the firearm from plaintiff to another special occupational taxpayer was exempt from the transfer tax. This basis for recovery was not asserted by plaintiff in his refund claim filed with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") or the complaint filed with the Court, but was, instead, discovered through the research and due diligence of the Government's own counsel

after discovery commenced in this action. Rather, the issue asserted in plaintiff's refund claim and the complaint was whether his firearm was a taxable machine gun. Because the Government's position was substantially justified, and plaintiff has not demonstrated otherwise, plaintiff is not entitled to recover attorney fees and costs under § 7430 of the Internal Revenue Code or under the Equal Access to Justice Act ("EAJA") (28 U.S.C. § 2412),[1] and plaintiff's motion should be denied.

Additionally, even if the Court were to determine that the position of the United States was not substantially justified (it was), neither § 7430 nor the EAJA provides for an award of attorney fees incurred in connection with plaintiff's administrative activities before ATF, and the rates subsequently billed by plaintiff's attorneys in connection with this litigation are unreasonable and excessive.

---

[1] Plaintiff seeks to recover attorney fees and costs pursuant to both § 7430 and the EAJA. The EAJA, however, does not apply to any costs and fees "in connection with any proceeding" to which § 7430 applies. 28 U.S.C. § 2412(e). Section 7430, in turn, applies to "any administrative or court proceeding which is brought by or against the United States in connection with the . . . refund of any tax . . . under [the Internal Revenue Code]." 26 U.S.C. § 7430(a). Therefore, the EAJA does not apply here. Section 7430 is the only fee-shifting provision that is operative in this case because the complaint sought a refund of the transfer tax imposed by § 5811 of the Internal Revenue Code. *See Lawler v. United States*, 16 Cl. Ct. 53, 55 (1988) ("Section 7430 fully supplanted the EAJA for the award of attorneys' fees and costs in proceedings to which section 7430 is applicable."). The distinction between the two statutes, however, is of no practical importance in applying the "substantially justified" standard because the courts read that standard contained in the two statutes in harmony. *Powell v. Comm'r*, 791 F.2d 385, 389-90 (5th Cir. 1986); *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1451 n.12 (10th Cir. 1985); *see also Kaufman v. Egger*, 584 F. Supp. 872, 877 n.1 (D. Me. 1984) (thoroughly comparing both sections and concluding that there was "no dispositive difference between the two standards"), *aff'd*, 758 F.2d 1 (1st Cir. 1985); *Kansas City Southern Transp. Co. v. United States*, 11 Cl. Ct. 484, 487 (1986) (same, citing *Kaufman*). Congress copied the "substantially justified" standard of § 7430 from the EAJA. *Kenagy v. United States*, 942 F.2d 459, 464 (8th Cir. 1991); H.R. Conf. Ref. No. 99-841, at 801 (1986), *reprinted in* 1986-3 C.B. (vol. 4) 1, 801.

STATEMENT

On December 21, 2003, plaintiff, a manufacturer of firearms, sent a firearm he had allegedly invented to ATF along with a letter requesting that ATF render an opinion on the classification of the firearm. (Compl. ¶ 15; *Plaintiff's Letter*, Compl., Ex. 2.) On September 16, 2004, ATF informed plaintiff that, in its opinion, the firearm submitted was a "machine gun" under the National Firearms Act of 1934, as defined in § 5845(b).[2] (Compl. ¶ 18; *ATF's Response*, Compl., Ex. 3.) Plaintiff then embarked on the unusual course of obtaining judicial review of ATF's classification in the context of a tax refund suit.[3]

Plaintiff began by applying for and effectuating the transfer (to a corporation owned by plaintiff) of another, allegedly identical, firearm to trigger the transfer tax imposed by § 5811. (Compl. ¶ 11; *Application to Transfer*, Compl., Ex. 1.) Plaintiff then filed a refund claim with ATF, contending that the transferred firearm was not a "machine gun" and, therefore, was not subject to the transfer tax. (Compl. ¶ 19; *Refund Claim*, Compl., Ex. 4.) Plaintiff's refund claim stated that "[plaintiff] expects that [ATF] will reject the claim for refund based on [its] determination, in its letter of September 16, 2004, that the firearm is a 'machinegun.'" Plaintiff did not assert in his refund claim that the transfer of the firearm was exempt from tax under § 5852(d) because the transfer was to another "special occupational taxpayer" (the basis for the

[2] Hereinafter, all "section" or "§" references will refer to the Internal Revenue Code (26 U.S.C.) or the regulations thereunder (26 C.F.R.), unless otherwise indicated.

[3] Firearm classification suits are typically brought in district court, in the nature of a declaratory judgment action. *See, e.g.*, *Modern Muzzeloading, Inc. v. Magaw*, 18 F. Supp.2d 29 (D. D.C. 1998); *Police Automatic Weapons Servs., Inc. v. Benson*, 837 F. Supp. 1070 (D. Or. 1993); *Gun South Inc. v. Brady*, 711 F. Supp. 1054 (N. D. Ala. 1989), *rev'd* 877 F.2d 858 (11th Cir. 1989).

Government's ultimate concession).[4] (*See Refund Claim*, Compl., Ex. 4; *see also* Pl's Mot. to Vacate at 3, 4.) On June 14, 2005, as plaintiff anticipated, ATF denied plaintiff's refund claim on the basis that the firearm was a "machine gun," as it had previously determined, and set forth in detail the factual and legal reasons for that conclusion.[5] (*ATF's Denial*, Compl., Ex. 5.) This suit followed.

In the complaint filed in this Court, plaintiff renewed his claim that the transferred firearm was not a "machine gun" and, for that reason, was not subject to the transfer tax. (Compl. ¶ 1.) Like plaintiff's refund claim, the complaint did not assert that the transfer of the firearm was exempt from tax under § 5852(d) because the transfer was to another special occupational taxpayer. (*See* Compl.; *see also* Pl's Mot. to Vacate at 4.) In its answer, the Government asserted that the firearm plaintiff submitted to ATF was a "machine gun," but lacked knowledge as to the transferred firearm (the subject of the transfer tax and this refund suit), intending to examine it during discovery. (Answer ¶¶ 15, 21-22.) In late May 2007, the Government discovered, through the research and due diligence of its own counsel, that the transfer of plaintiff's firearm was between special occupational taxpayers and was exempt from the transfer tax under § 5852(d), which applies to all firearms, including machine guns. By letter

[4] As noted in the Government's response to plaintiff's motion for relief from judgment, although plaintiff did not directly assert in his refund claim that the transfer was exempt from tax under § 5852(d), plaintiff's claim was sufficient to satisfy the requirements of § 7422 (that a refund claim be filed prior to suit) with respect to the exemption under the doctrine of "informal" refund claims. *See Computervision Corp. v. United States*, 445 F.3d 1355 (Fed. Cir. 2006).

[5] ATF's determination was based on its previous examination of the firearm submitted by plaintiff to ATF, which plaintiff alleged to be identical with the transferred firearm that was the subject of the transfer tax. ATF commonly makes such determinations based on a single examination of a model firearm, rather than an examination of every manufactured firearm. (*See* Compl. ¶ 17.)

dated June 28, 2007, the Government, having received proper authorization, announced its concession to plaintiff on the sole basis that the transfer was exempt from the transfer tax under § 5852(d), but reaffirmed its position that the firearm at issue was a "machine gun." (*Concession Letter*, Def's Mot. for Entry of Judgment, Ex. 1.)

On July 12, 2007, the Court entered judgment in favor of plaintiff, on motion by the Government, for a refund of the transfer tax on the grounds that the Government had conceded the case. On July 24, 2007, the Court denied a motion by plaintiff to vacate the final order. Plaintiff then filed this motion for attorney fees and costs.

## ARGUMENT

### I. *The position of the United States prior to and during the litigation of this case was substantially justified, and plaintiff is not entitled to attorney fees and costs*

Section 7430 authorizes an award of attorney fees and expenses to the "prevailing party" in "any administrative or court proceeding which is brought by or against the United States in connection with the . . . refund of any tax." 26 U.S.C. § 7430(a). "[T]o be a 'prevailing party' within the meaning of § 7430, a taxpayer must establish that 'the position of the United States in the proceeding was not substantially justified.'" *Sharp v. United States*, 20 F.3d 1153, 1154 (Fed. Cir. 1994); 26 U.S.C. § 7430(c)(4). In this context, the Supreme Court stated that "substantially justified" conveys the connotation "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The taxpayer has the burden to show that the position of the United States was not substantially justified. *Sharp*, 20 F.3d at 1154; *Kenagy*, 942 F.2d at 463; *Powell*, 791 F.2d at 390.

The position of the United States during the administrative proceedings before ATF and during the litigation of this case was "substantially justified," within the meaning of § 7430 (and the EAJA), so as to bar any award to plaintiff of attorney fees and costs. The dispute between the parties throughout the administrative process and during the litigation of this case, prior to the Government's concession, was whether plaintiff's firearm was a "machine gun," as defined in § 5845(b), so as to be subject to the transfer tax imposed by § 5811. *See* 26 U.S.C. §§ 5811 and 5845. As plaintiff has noted, this is still a matter of dispute between the parties. (*See* Pl's Mot. to Vacate at 7.)

Moreover, the Government conceded this case on legal grounds that were not asserted by plaintiff in his refund claim filed with ATF or the complaint filed in this Court, but, instead, were discovered by the research and due diligence of the Government's own counsel after discovery commenced in this case. Had plaintiff explicitly asserted the exemption as a basis for recovery in his refund claim or in the complaint, the Government would have considered it then, and this litigation would have been unnecessary. But that was not plaintiff's purpose, as demonstrated by his resistance to the Government's concession.

Another reason makes an award of attorney fees and costs inappropriate here. Namely, plaintiff will inevitably employ the fruits of his efforts and expenses here in future litigation. Plaintiff's complaint sought to litigate the classification of his firearm (*see* Compl. ¶ 1), and plaintiff will undoubtedly initiate a firearm classification suit or similar action in district court to litigate the merits of that issue. Presumably, plaintiff could seek attorney fees and costs if he were to prevail in such an action. Therefore, to award the extraordinary fee sought by plaintiff in this case would run afoul of the intent of such fee-shifting provisions as § 7430 and the EAJA.

*See Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995) ("the EAJA must be read in light of its purpose to diminish the deterrent effect of seeking review of, or defending against, governmental action.").

II. *Plaintiff is not entitled to recover attorney fees incurred in connection with the administrative proceedings before ATF*

Even if the Court were to determine that the position of the United States was not substantially justified, neither § 7430 nor the EAJA constitutes a waiver of the Government's sovereign immunity from fees associated with administrative proceedings before ATF. The principle of sovereign immunity bars an award of attorney fees and costs against the United States in the absence of a statute directly authorizing such an award. *Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177, 1182 (Fed. Cir. 1994). Such a waiver of sovereign immunity must be "unequivocally expressed in the statutory text" and "must be strictly construed in favor of the United States, and not enlarged beyond what the language of the statute requires." *United States v. Idaho*, 508 U.S. 1, 7-8 (1993).

Section 7430 waives the Government's sovereign immunity for reasonable administrative costs associated with "administrative proceeding[s] within the *Internal Revenue Service*." 26 U.S.C. § 7430(a) (emphasis added). "Administrative proceedings" is further defined as "any proceeding or other action before the Internal Revenue Service," 26 U.S.C. § 7430(c)(5), and "reasonable administrative costs" is defined as "any administrative fees or similar charges imposed by the Internal Revenue Service," 26 U.S.C. § 7430(c)(2). As plaintiff acknowledges (Compl. ¶ 12), the transfer tax imposed by § 5811 is administered by ATF (the Bureau of Alcohol, Tobacco, Firearms and Explosives), and not by the Internal Revenue Service.

26 U.S.C. § 7801(a)(2)(A)(i). This was also true in 1982, when Congress enacted § 7430 as part of the Tax Equity and Fiscal Responsibility Act, Pub. L. No. 97-248, 96 Stat. 324.[6] By its terms, which may not be enlarged beyond what the language of the statute requires, § 7430 does not waive fees incurred in connection with proceedings before ATF. Therefore, any award to plaintiff under § 7430 is limited to the "reasonable litigation costs incurred in connection with [this] court proceeding." 26 U.S.C. § 7430(a), (c).

Similarly, assuming *arguendo* that the EAJA applies here, its waiver pertains to fees and costs associated with "civil actions," which does not include attorney fees and costs incurred in connection with administrative activities. 28 U.S.C. § 2412(b); *Levernier Constr., Inc. v. United States*, 947 F.2d 497, 503 (Fed. Cir. 1991); *Universal Fid. v. United States*, 70 Fed. Cl. 310, 318-19 (2006).

Accordingly, plaintiff is not entitled to recover any fees for services rendered prior to June 14, 2005, the date ATF denied his refund claim, because those fees were all incurred in connection with administrative proceedings. Similarly, the fees incurred in connection with the administrative proceedings after June 14, 2005, including plaintiff's "FOIA" (Freedom of Information Act) requests to ATF, are not recoverable. Those administrative fees are reflected in plaintiff's billing records on 7/22/05, 7/26/05, 9/6/05, 9/16/05, 10/3/05, 10/25/05, 11/18/05,

---

[6] ATF is currently a subdivision of the Department of Justice, as recently reconfigured under the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002). *See Amend v. Merit Sys. Protection Bd.*, 221 Fed. Appx. 983, 984 (Fed. Cir. 2007); *Blaustein & Reich, Inc. v. Buckles*, 365 F.3d 281, 283 n.1 (4th Cir. 2004). Prior to that time, ATF was part of the Department of Treasury and, since 1972, has been charged with the administration of the transfer tax (Chapter 53 of the Code) pursuant to Treasury Order No. 221, 1972-1 C.B. 777, which was issued pursuant to the Secretary's authority under 26 U.S.C. § 7801(a). *See Demko v. United States*, 44 Fed. Cl. 83, 84 (1999).

1/17/06, 1/23/06, 2/8/06, and 2/20/06. Based on plaintiff's billing records, plaintiff also incurred unrecoverable administrative fees to obtain a disallowance of his claim by certified mail on 9/6/05 and 9/16/05. Where the record for any of the foregoing entries reflects co-mingled fees that might have been associated with this court proceeding, in addition to administrative activities, plaintiff is not entitled to any portion of the fee for that entry.[7] *See Oliveira v. Untied States*, 827 F.2d 735, 744 (Fed. Cir. 1987) (under the EAJA, holding that courts "may award only those reasonable and necessary expenses of an attorney . . . incurred or expended solely or exclusively in connection with the case before the court"); *Levernier*, 947 F.2d at 501 (same, quoting *Oliveira*); *see also Universal Fid.*, 70 Fed. Cl. 310, 319 (2006) (holding that plaintiff could not recover fees where the invoices showed that the attorney's work in preparation for litigation was performed simultaneously with work involving an administrative protest).[8] Therefore, excluding all fees prior to June 14, 2005 and the specific entries listed above, plaintiff

---

[7] For example, the entry on 1/23/06 included planning for the complaint and discussion regarding plaintiff's administrative FOIA requests to ATF. Similarly, the entry on 2/8/06 included a discussion of expert witnesses as well as consideration of two additional FOIA requests to ATF.

[8] The "solely or exclusively" requirement for fees under the EAJA is equally applicable here, where plaintiff is not entitled to recover administrative costs under § 7430. *See Columbus Fruit & Vegetable Co-op. Ass'n v. United States*, 8 Cl. Ct. 525, 527 (1985) ("Adoption of the teachings of . . . cases decided under the EAJA is justified in cases to be determined pursuant to section 7430 . . . . Section 7430 was promulgated merely to remedy in tax cases what section 2412(d)(1)(A) of the EAJA neglected to provide for in the area."); *Larsen v. United States*, 39 Fed. Cl. 162, 167 n.9 (1997) ("case law on the EAJA may be instructive in interpreting I.R.C. § 7430, which was promulgated to remedy a gap in the EAJA's coverage of tax suits."); *Lawler*, 16 Cl. Ct. at 55 ("there are several areas of overlap in which EAJA precedence has direct bearing on the standards used under section 7430.")

would be entitled to recover no more than 43.4 hours[9] in attorney fees that were billed by Mr. Nath after June 14, 2005, plus the 14.5 hours billed by Mr. Halbrook in connection with this court proceeding.

III. *The rates billed by plaintiff's attorneys during this litigation are unreasonable and excessive*

Finally, § 7430 provides only for the recovery of "reasonable" attorney fees and costs. In the absence of a special factor that justifies a higher rate, § 7430 caps attorney fees at $125 an hour, with an allowance for a cost-of-living adjustment based on inflation. 26 U.S.C. § 7430(c)(1)(B)(iii). To justify fees above the statutory ceiling, plaintiff must demonstrate "distinctive knowledge or specialized skill needful for the litigation in question." *Pierce*, 487 U.S. at 572. Plaintiff bears the burden of establishing the existence of a "special factor" that would justify a higher fee. *Kuns Constr. Co., Inc. v. United States*, 16 Cl. Ct. 431, 438 (1989), *aff'd*, 899 F.2d 1227 (Fed. Cir. 1990).

For 2005, 2006 and 2007, the adjusted rate is $150, $160 and $170 per hour, respectively. Rev. Proc. 2004-71, 2004-50 I.R.B. 970; Rev. Proc. 2005-70, 2005-47 I.R.B. 979; Rev. Proc. 2006-53, 2006-48 I.R.B. 996. According to the billing records provided by plaintiff, the rate charged by his attorneys after June 14, 2005 was $320 (Mr. Nath), which was reduced to $250 on August 11, 2005, and $325 (Mr. Halbrook); far in excess of the statutory limit.

Plaintiff has provided no rationale for providing an award of fees in excess of the statutorily prescribed ceiling. Any tax expertise of plaintiff's attorneys does not justify, without more, exceeding the statutory limit. *Powers v. Comm'r*, 43 F.3d 172, 183-84 (5th Cir. 1995);

---

[9] The hours indicated reflect courtesy discounts on 1/9/06, 1/31/06, 3/10/06, 6/9/07, 6/15/07, 7/6/07, and 7/13/07 for a total of 6.1 hours.

*Cassuto v. Comm'r*, 936 F.2d 736, 743 (2d Cir. 1991). Congress established the rates contained in § 7430 specifically for tax matters. Presumably, lawyers seeking fees under § 7430 have a certain degree of tax expertise, and to allow them all to exceed the statutory limit would permit the exception to swallow the rule. *Id.* Furthermore, any expertise plaintiff's attorneys may have had in firearm classification was entirely unnecessary to the resolution of this tax refund case and does not justify the enhanced fee plaintiff seeks. The statutory ceiling is "generally quite enough public reimbursement for lawyers' fees." *Pierce*, 487 U.S. at 572. Therefore, any award to plaintiff should be limited to $7,219[10] for Mr. Nath and $2,369[11] for Mr. Halbrook, for a total of $9,588, calculated according to the prescribed statutory limit.

---

[10] 43.4 hours, of which 3.0, 9.9, and 30.5 hours were billed in 2005, 2006, and 2007 respectively, calculated at the prescribed statutory limit.

[11] 14.5 hours, of which 9.6 and 4.9 hours were billed in 2006 and 2007 respectively, calculated at the prescribed statutory limit.

WHEREFORE, the plaintiff's motion for attorney fees and costs should be denied. If the Court determines that plaintiff is entitled to recover attorney fees and costs, any award should be limited to $9,588 for fees incurred in connection with this court proceeding, capped at the prescribed statutory limit.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

September 10, 2007

s/G. Robson Stewart
Of Counsel