Electronically Filed on September 4, 2008

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-749 T
(Judge Braden)

BRIAN ALAN BLAKLEY,
d/b/a/ TCS

Plaintiff,

v.

THE UNITED STATES,

Defendant.

REPLY OF THE PLAINTIFF TO
OPPOSITION OF THE UNITED STATES TO PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

ROBERT G. NATH
1800 Old Meadow Road
Suite 117
McLean, VA 22102

Tel: 703-356-5016
Fax: 703-356-5019

Counsel for Plaintiff

## TABLE OF CONTENTS

**Page**

Reply of the Plaintiff to Opposition of the United States to Motion for an Award of Attorneys' Fees and Costs ……………………………………1

Table of Authorities…………………………………………………………………..3

Statement……………………………………………………………………………..4

Argument……………………………………………………………………………..

I. *The Equal Access to Justice Act, or alternatively, Section 7430 of the Internal Revenue Code, applies in this case to determine the availability of attorneys' fees and costs* ……………………………..7

II. *The Government has failed to carry its burden to demonstrate that its position was substantially justified* …………………………..9

III. *The Correct amount of allowable fees and costs are as stated in Plaintiff's motion (and supplemented in this Reply)*………………14

Conclusion………………………………………………………………...…16

## TABLE OF AUTHORITIES

**Cases:**

*Carmichael v. United States,* 70 Fed. Cl. 81 (2006)……………………………………9

*CEMS, Inc. v. United States,* 65 Fed. Cl. 473 (2005)…………………………………15

*Huffman v. Commissioner,* 978 F. 2d 1139 (9th Cir. 1992)…………………………12

*Jones v. Lujan,* 887 F. 2d 1096 (DC Cir. 1989)……………………………………..8

*Keasler v. United States,* 766 F. 2d 1227 (8th Cir. 1985)……………………………8

*Kelly v. Bowen,* 862 F. 2d 1333 (8th Cir. 1988)……………………………………..14

*Kaufman v. Egger,* 758 F. 2d. 1 (1st Cir. 1985)……………………………………..12

*Lee v. Johnson,* 799 F. 2d 31 (3rd Cir. 1986)………………………………………..14

*Oliveira v. Unites States,* 827 F. 2nd 735, 744 (Fed. Cir. 1987)……………………14

*Powell v. Commissioner,* 791 F. 2d 385 (5th Cir. 1986)……………………………..8

*Ramcor Services Group v. United States,* 41 Fed. Cl. 264 (1998)…………………12

*Tax Analysts v. United States,* 11 Ct. Cl. 802 (1987)………………………………..8,12

*United States v. Thompson/Center Arms Co*., 504 U.S. 505, 112 S. Ct. 2102, 119 L. Ed. 2d 308 (1992), *aff'g* 924 F.2d 1041 (Fed. Cir. 1991), *rev'g* 19 Cl.Ct. 725 (1990)…………………………………………………………6

*Wright v. United States,* 56 Fed. Cl. 350 (2003)……………………………………..9

**Statutes**

Internal Revenue Code (26 U.S.C.)

Section 5801 et. seq……………………………………………………….6

Section 5811…………………………………………………………….6

Section 5845(b)………………………………………………………….6

Section 5852, 5852(d)……………………………………………………6, 11

Section 5852(f)……………………………………………………………….11

Section 6532(a)(1)……………………………………………………………15

Section 7430………………………………………………………………….7, 8,9

28 U.S.C. Section 2412 et. seq………………………………………………………7

28 U.S.C. Section 2412(b), (d)(1)(A), (d)(2)(C)……………………………………..7

**Regulations**

27 C.F.R. Section 479.88(b), (c)……………………………………………………11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-749 T
(Judge Braden)

BRIAN ALAN BLAKLEY,
d/b/a/ TCS

Plaintiff,

v.

THE UNITED STATES,

Defendant.

REPLY OF THE PLAINTIFF TO
OPPOSITION OF THE UNITED STATES TO PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

STATEMENT

This is an action in which Plaintiff sought a refund of $200 in excise tax paid upon the tax-paid transfer of a firearm that he had manufactured.[1] Before filing suit, Plaintiff took numerous pre-litigation steps, including thorough research into the applicable law and regulations of the agency that administers the National Firearms Act, the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE). Plaintiff also engaged counsel to review these steps and to file a Freedom of Information Act request for documents that were deemed relevant to the anticipated lawsuit. The sole issue in the

[1] Contrary to the implication in the Government's Opposition that Plaintiff irresponsibly has spent $21,000 in attorneys' fees to recover $200, the commercial implications attendant upon a Plaintiff victory in this case, had it gone to decision, are beyond the scope of this motion. Moreover, quite apart from those reasons involving commerce, any litigant is free to seek redress in the courts on matters of principle.

suit was anticipated to be whether Plaintiff's invention was a "machinegun" within the intent of the National Firearms Act., 26 U.S.C. Section 5801 et. seq, and Section 5845(b) in particular. [2] If Plaintiff's invention was not a "machinegun," it would not be subject to the excise tax set forth in 26 U.S.C. Section 5811 and Plaintiff would be entitled to a refund of the tax paid.

Following Complaint, Answer, Joint Preliminary Status Report, and initial discovery (interrogatories, requests for admission, requests for production of document by both parties), the Government declared that the $200 transfer tax was paid with respect to an "exempt" transaction between transferor and transferee. 26 U.S.C. Section 5852(d). This was an alleged exemption that Plaintiff had not invoked, nor had BATFE invoked it before Plaintiff filed suit, nor after, nor did the Government invoke it until after discovery was well under way. See, generally, the Court's record in this case, and Complaint and Answer in particular. [3]

After offering to "concede" the "case," the Government moved for judgment against itself (which Plaintiff opposed). This Court entered that judgment, thereby mooting the case. The Court of Appeals for the Federal Circuit affirmed per curiam on June 5, 2008 (No. 2007-5164) (Fed. Cir.)

Based on the Government's admitted concession, the Plaintiff has moved for an award of attorneys' fees and costs.

---

[2] Plaintiff's request for this judicial review was far from "unusual," as the Government Opposition contends (p. 3). See, e.g., *United States v. Thompson/Center Arms Co.*, 504 U.S. 505, 112 S. Ct. 2102 , 119 L. Ed. 2d 308 (1992), *aff'g* 924 F.2d 1041 (Fed. Cir. 1991), *rev'g* 19 Cl.Ct. 725 (1990).

[3] Plaintiff requests that this Court take judicial notice of the record in this case.

The Government's opposition to plaintiff's motion for an award of attorneys' fees and costs ("Gov't Opp.") raises several issues we will address below. Preliminary to those considerations is the issue of which fee statute controls, the issue raised in footnote 1 of the Government's Opposition.

I

THE EQUAL ACCESS TO JUSTICE ACT, OR
ALTERNATIVELY, 26 U.S.C. SECTION 7430,
APPLIES IN THIS CASE TO DETERMINE THE AVAILABILITY
OF ATTORNEYS' FEES AND COSTS

Plaintiff contends that the Equal Access to Justice Act, 28 U.S.C. Section 2412 et seq., (EAJA) controls this motion. The alternative fee provisions of Section 7430 of the Internal Revenue Code (26 U.S.C.) would apply only if, and to the extent, the EAJA does not.

The EAJA provides in pertinent part as follows (28 U.S.C. Section 2412(b):

> "Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States…."
>
> * * *
>
> Section 2412(d)(1)(A) provides in part:
>
> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses…incurred by that party in any civil action….including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

Section 2412(d)(2)(C) defines the "position of the United States" to include "the action or failure to act by the agency upon which the civil action is based…." The pre-

litigation reach of the EAJA has been affirmed in many cases. See, E.g., *Jones v. Lujan,* 887 F. 2d 1096 (D.C. Cir. 1989); *Keasler v. United States,* 766 F. 2d 1227 (8th Cir. 1985). As BATFE is an "agency" of the United States, the EAJA applies by its own terms. And, the EAJA has been applied to award attorneys' fees and costs in tax actions. See, e.g., *Tax Analysts v. United States,* 11 Ct. Cl. 802 (1987).

While the Government's position (in footnote 1 of Gov't Opp.) is that Section 7430 of the Internal Revenue Code supplants the EAJA in tax cases, the Government likewise argues that Section 7430 does *not* apply because Section 7430 is confined to actions where the *Internal Revenue Service* (vs. BATFE) is involved. ("Section 7430 waives the Government's sovereign immunity for reasonable administrative costs associated with 'administrative proceeding[s] within the *Internal Revenue Service.*'" Gov't Opp., p. 7). Understandably, the Government would like *no* fee statute to apply, but it cannot have it both ways. The EAJA and Section 7430 must be interpreted "consistently." *Powell v. Commissioner,* 791 F. 2d 385 (5th Cir. 1986). If the Government's position is correct (Section 7430 does not apply because it is confined to IRS proceedings), then by that logic, the EAJA applies to this attorneys' fees motion.

However, if and to the extent EAJA does not apply, Section 7430 must apply. That statute provides for an award of attorneys' fees and costs "[i]n *any* administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of *any* tax…." IRC Section 7430(a)(1) (emphasis added). That section goes on to specify that fees and costs may be awarded for "administrative costs" incurred in connection with IRS proceedings, as well as litigation costs. (Gov't Opp. does not contest the applicability of Section 7430 to "litigation"

costs.) While BATFE rather than IRS was the agency involved in this matter, Section 7430(a)(1) does not specifically preclude the award of costs before agencies other than the IRS, in that it reaches beyond the IRS ("any" administrative or court proceeding). Even assuming the Government's position is correct, Section 7430 would still apply to the litigation phase of these proceedings.

## II

## THE GOVERNMENT HAS FAILED TO CARRY ITS BURDEN TO DEMONSTRATE THAT ITS POSITION WAS SUBSTANTIALLY JUSTIFIED

Under EAJA, once the plaintiff is shown to be the prevailing party, the burden shifts to the defendant to demonstrate that its position was "substantially justified." *Carmichael v. United States,* 70 Fed. Cl. 81 (2006); *Wright v. United States,* 56 Fed. Cl. 350 (2003). It was not. (We note that the Government does not contend that Plaintiff lacks "prevailing party" status; to contend otherwise would amount to a disregard of the Government's own concession. In fact, the Government went even beyond a bare concession by asking this court to enter judgment against itself. Gov't motion, July 10, 2007. Dkt. Entry 11.)

The Government's Argument I is fundamentally misleading. Neither this Court nor the Court of Appeals ruled in this litigation that the $200 judgment arose because the Plaintiff's transfer was "exempt." The Government tries to assume this as a fact, but the record is silent on this point. This Court ruled only that the Government's payment of $200 to Plaintiff mooted the litigation; that was all. The Court of Appeals affirmed (per curiam). Neither court ruled that the Government had granted a "tax refund" because the Government had discovered an exemption from the transfer tax. Thus the premise of the

Government's argument concerning its "diligence" in discovering the exemption is irrelevant and unfounded in the record of this case.

Quite apart from that initial, erroneous premise, the Government's diligence argument is simply untrue. Implying that Plaintiff had somehow hidden the exemption from the Court, and trumpeting its own "diligent" discovery of the exemption, the Government's litigation position is thereby argued to be "substantially justified." After all (goes this argument), if it took Government counsel's diligence to discover the exemption that Plaintiff knew about, the Government's concession was therefore justified.

This formulation tries to stand the record on its head. The exemption of Section 5852 is available if both transferor and transferee have the status of importer, exporter, or dealer (all "special (occupational) taxpayers). Plaintiff disclosed that status from the first document Plaintiff filed with BATFE, well before the complaint was filed, and disclosed it again in the pleadings. Plaintiff identified himself from the start and never "hid" his status. See, for example, Complaint, par. 9 (Dkt. Entry 1) and Exhibit 1 thereto (ATF From 4, Application for Tax Paid Transfer and Registration of Firearm, Blocks 5-8). Form 4 in fact *requires* such disclosure; it identifies transferor and transferee as Class 2 manufacturers (exempt) and even notes the BATFE registration numbers. Indeed, the Government's Answer to paragraph 9 of the Complaint states: "Avers that plaintiff's federal firearms license number is 159103-07-5E48218, but admits the remaining allegations contained in paragraph 9." The Joint Preliminary Status Report (Dkt. Entry 8) identifies, as the "sole issue," whether Plaintiff's invention was an NFA machinegun.

Having twice admitted or acknowledged Plaintiff's status, the Government cannot claim, thereafter, "[i]n late May, 2007," (Gov't Opp., p. 4), that it "discovered" the exemption statute and the Plaintiff's exempt status.

Moreover, the tax exemption involved here is the "transferor's" to invoke – not the Government's. See 26 U.S.C. Section 5852(f) and 27 C.F.R. Section 479.88(b),(c) (Special (occupational) taxpayers.) Plaintiff elected to forego that right. The Government cannot claim that anything was "hidden" where the right to invoke an exemption belongs to the Plaintiff, not the Government. Regardless, since the record shows BATFE knew about the availability of that exemption from the start, that agency could have easily and simply just Plaintiff's check back to him. BATFE did not do that. Even if Plaintiff had not explicitly noted his status as a special (occupational) taxpayer, BATFE is charged with constructive knowledge of its records, including Plaintiff's special (occupational) taxpayer status. BATFE and the Department of Justice are likewise chargeable with knowledge of the law, including Section 5852(d) of Title 26, U.S.C., the exemption statute. Indeed, it is ironic that the very agencies charged by law with administering the exemption statute would claim, well into this litigation, that they suddenly "discovered" it.

Instead, the likely reality is that on some day in May, 2007, well into the discovery phase of this case, Government counsel suddenly realized that an exemption might be available and rushed to invoke it. All of the attorneys' fees and costs incurred before that time, and before this Court's rulings sustaining the exemption (and mooting the case) could have been avoided if the Government had noted that exemption at the time the law holds it to know – from the start of the administrative proceedings, that is,

when Plaintiff filed his Form 4. To argue that the Government was "substantially justified" in litigating this case for a long period of time, when the Government's ground for concession was available even before the complaint was filed, and by its own admission, it failed to realize this, defies logic, the record in this case, and the law that the Government is charged with knowing.

Moreover, the "position of the United States" under EAJA encompasses the underlying agency's position. See Argument I above and authority therein cited. Section 7430 of the Internal Revenue Code likewise contemplates a fee award based on the underlying agency action (where that statute applies to the exclusion of EAJA). This Court has awarded fees based on the IRS' "prelitigation" conduct: in *Tax Analysts v. United States,* 11 Ct. Cl. 802 (1987), as have other courts. *Kaufman v. Egger,* 758 F. 2d. 1 (1st Cir. 1985) (applying Section 7430); *Huffman v. Commissioner,* 978 F. 2d 1139 (9th Cir. 1992) (applying Section 7430).

The second part of Argument I (p. 6-7) is speculative bordering on insulting. The Government argues that if this Court grants attorneys' fees, the plaintiff will use those fees in future litigation ("inevitably employ the fruits of his efforts…." – Gov't Opp., p. 6-7) According to the Government, Plaintiff "will undoubtedly initiate a firearm classification suit or similar action…." Then (the argument continues), Plaintiff will ask for fees in *that* suit, thwarting the "fee-shifting provisions" of Section 7430 and the Equal Access to Justice Act.

We object first to the sterile characterization of these statutes as mere "fee shifting." This Court has stated that EAJA's purpose is to remove the expense of litigation as a barrier to "unreasonable government action." *Ramcor Services Group v.*

*United States,* 41 Fed. Cl. 264 (1998). The statute protects successful litigants where the Government has acted unreasonably, as it did here. It accomplishes this protective goal by the mechanism of awarding attorneys' fees and costs.

Moreover – and as a further demonstration of its unreasonable position - the Government cannot possibly know Plaintiff's intentions regarding future litigation. (Indeed, at this point Plaintiff himself has made no decision regarding any future litigation.) Government mind-reading should form no part of the Court's decision on this attorneys' fees motion.

Even if the Government's speculation were accurate, its argument amounts to a suggestion that the Plaintiff cannot take his claim to another court – a court that, by the Government's own statements in the Court of Appeals for the Federal Circuit, Plaintiff *should have used in the first place.* "[Plaintiff's position] ignores the fact that declaratory judgment actions are consistently recognized by the courts as a proper method for challenging ATF classification decisions." and "There is no reason that taxpayer here could not similarly seek declaratory relief in a federal district court with respect to ATF's administrative classification of AR 16 ATF00001." (Brief for the Appellee, The United States, p.26-27, in *Blakley v. United States,*___ Fed. Cir.___ (aff'd per curiam June 5, 2008) If in the future Plaintiff were to prevail in that other forum, he might well be entitled to attorney's fees, as the law allows.

But all of this speculation is just that – speculation. The issue before this court is simply whether the Government's position in this litigation was "substantially justified" where it litigated well into the case, where Plaintiff incurred attorneys' fees and costs, and where the Government could have avoided such fees from the start – indeed, before

the start. It was not. For these reasons, the Government's litigating position is not "substantially justified."

Finally, Plaintiff has incurred fees in connection with the recovery of any attorney's fees for pursing this motion. *Kelly v. Bowen,* 862 F. 2d 1333 (8th Cir. 1988); *Lee v. Johnson,* 799 F. 2d 31 (3rd Cir. 1986). Attached to this motion is a supplemental declaration detailing those fees.

III

THE CORRECT AMOUNT OF ALLOWABLE FEES AND COSTS
ARE AS STATED IN PLAINTIFF'S MOTION (AND SUPPLEMENTED
IN THIS REPLY)

The Government's Argument III discusses the amount of allowable fees. The Government's contention that fees for Plaintiff's FOIA claim are not allowable is incorrect. The Federal Circuit has permitted the award of pre-litigation fees and costs so long as those fees and costs are "incurred or paid in preparation for trial of the specific case before the court." *Oliveira v. Unites States,* 827 F. 2nd 735, 744 (Fed. Cir. 1987).

Some of Plaintiff's fees were incurred in connection with a pre-litigation request for documents under the Freedom of Information Act ("FOIA") The FOIA request was made in clear preparation for this litigation; there would have been no other reason to make it. The preparation for filing a case such as this one unquestionably involves research into the administrative precedents. Therefore, Plaintiff was advised to exercise due diligence in determining the legal and factual basis for the Complaint herein. In fact, the FOIA request yielded a substantial number of documents and pages, reflecting BATFE's historical position on numerous firearms claims that were directly relevant to this litigation. Plaintiff was advised, and deemed it essential, to perform this research in

preparation for this litigation. Plaintiff and undersigned counsel consulted many of those documents both in drafting the complaint and in framing the legal and factual issue whether Plaintiff's invention was an NFA firearm. Moreover, Plaintiff's discovery requests included requests to admit the authenticity of some of the very documents produced by that FOIA demand. See Plaintiff's First Request for Admissions; Plaintiff's First Request for Interrogatories.

Had the case proceeded to the merits (whether by the anticipated motion for summary judgment, or trial), many of those FOIA documents would have been offered as exhibits in evidence. Again, there would have been no reason, other than preparation for this suit, to request those BATFE papers under FOIA. Therefore, the costs for obtaining them should be allowable.

Likewise, the undersigned counsel's billing records reflect costs for obtaining disallowance of Plaintiff's administrative claim by certified mail, a jurisdictional prerequisite to filing suit. IRC Section 6532(a)(1). These costs are therefore also allowable.

Enhanced rates are also available and should be awarded here. The EAJA permits the Court to factor in the degree of success obtained by Plaintiff. *CEMS, Inc. v. United States,* 65 Fed. Cl. 473 (2005). Here, that success was complete, in that the Government suddenly and fully conceded the case, and was charged with knowledge of the basis for that concession from the start of the administrative proceedings before the BATFE through the entry of judgment against the Government.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion for an award of attorneys' fees and costs should be granted.

Respectfully submitted,

____s/________________________
Robert G. Nath
1800 Old Meadow Road, Suite 117
McLean, Virginia 22102
Tel: 703-356-5016

Date: September 4, 2008 Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has been made on plaintiff this __4th___ day of September, 2008, by electronic filing and by mailing the original thereof, in a postage prepaid envelope, to the following address:

JACOB E. CHRISTENSEN
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

____________/s/_______________________

Robert G. Nath