# In The United States Court of Federal Claims

No. 06-749T

December 31, 2008

**TO BE PUBLISHED**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | * Attorney Fees; |
| | * Equal Access to Justice Act, |
| BRIAN ALAN BLAKLEY | * 28 U.S.C. § 2412; |
| d/b/a TCS, | * Internal Revenue Code, |
| | * 26 U.S.C. §§ 6511(a), 6532(a), |
| Plaintiff, | * 7430, 7422(a); |
| | * National Firearms Act, |
| v. | * 26 U.S.C. § 5801 *et. seq.*; |
| | * Tax Refund, |
| THE UNITED STATES, | * 28 U.S.C. § 1346(a)(1); |
| | * Transfer Tax; |
| Defendant. | * Tucker Act, |
| | * 28 U.S.C. § 1491(a); |
| | * 27 C.F.R. § 479.88(a)-(c). |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Robert Gerald Nath**, Robert G, Nath, PLLC, McLean, Virginia, for Plaintiff.

**Jacob Earl Christensen**, United States Department of Justice, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER
## REGARDING ATTORNEY FEES AND COSTS.

This *sui generis* case concerns the relationship between the fee and cost provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412 and Section 7430 of the Internal Revenue Code.

## I.    RELEVANT FACTS.[1]

On November 3, 2006, Plaintiff filed a Complaint in the United States Court of Federal Claims seeking a refund of a $200 federal tax imposed on the transfer of a firearm, pursuant to the

---

[1] The facts recited herein were derived from: the November 3, 2006 Complaint ("Compl."); Plaintiff's Exhibits In Support Of The Complaint ("Pl. Ex."); Defendant ("the Government")'s March 2, 2007 Answer ("Gov't Answer"); the Government's July 10, 2007 Motion For Entry Of Judgment ("Gov't Mot. J.") and attached letter ("Gov't Ex. 1"); Plaintiff's August 10, 2007 Motion For An Award Of Attorneys' Fees And Costs ("Pl. AF Mot.") and attached Exhibits ("Pl. AF Ex."); the Government's September 10, 2007 Opposition ("Gov't AF Opp."); and the Plaintiff's September 4, 2008 Reply ("Pl. AF Reply").

National Firearms Act ("NFA"),[2] 26 U.S.C. § 5801 *et. seq.*  Plaintiff is a manufacturer of firearms, licensed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and the designer of a new firearm, known as the "AR16," that is the subject of patent application 10/424,676.  Compl. ¶¶ 9-10.

---

[2] Section 5811 of the NFA states:

(a) Rate. There shall be levied, collected, and paid on firearms transferred a tax at the rate of $200 for each firearm transferred[.]

(b) By whom paid. The tax imposed by subsection (a) of this section shall be paid by the transferor.

26 U.S.C. § 5811(a)-(b).

Section 5845 of the NFA defines a "firearm" as:

(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer (as defined in section 921 of title 18, United States Code); and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

26 U.S.C. § 5845(a).

On December 21, 2003, Plaintiff registered a "AR16" with ATF to obtain an opinion that the "AR16" was a "rifle."[3]  *Id.* ¶ 11.  On May 14, 2004, a second "AR16" was registered with ATF and the $200 transfer tax was paid.  *Id.* ¶¶ 11-13.

On September 16, 2004, ATF ruled that the "AR16" was a "machinegun,"[4] and subject to the $200 transfer tax.  *Id.* ¶ 18.  On November 15, 2004, Plaintiff contested that ruling by filing a Claim for Refund with ATF for the $200 transfer tax.  *Id.* ¶ 19.  On June 14, 2005, ATF denied Plaintiff's Claim.  *Id.* ¶ 20.

## II.   PROCEDURAL HISTORY.

On November 3, 2006, Plaintiff filed a Complaint with the United States Court of Federal Claims alleging that ATF's September 16, 2004 ruling that the "AR16" is a "machinegun" was erroneous and that the $200 tax illegally was assessed.  *See* Compl. ¶ 1.  On March 2, 2007, the Government filed an Answer, denying that the transfer tax erroneously was collected and that the "AR16" was a "rifle."  *See* Gov't Answer ¶¶ 1, 11-12.

On July 10, 2007, however, the Government filed a Motion For Entry Of Judgment.  *See* Gov't Mot. J. at 1-2.  A June 28, 2007 letter, sent to Plaintiff and attached to that Motion, states that: "it has come to [ATF's] attention that [P]laintiff is entitled to recover the $200 transfer tax . . . on

---

[3] Section 5845 of the NFA defines a "rifle" as:

> a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge.

26 U.S.C. § 5845(c).

[4] Section 5845 also defines a "machinegun" as:

> any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.  The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b).

3

the sole basis that the transfer was made between 'special (occupational) taxpayers' and, therefore, is exempt from the transfer tax under § 5852(d)."[5]  *See* Gov't Ex. 1.

On July 12, 2007, the court issued an Unpublished Opinion And Order, granting the Government's Motion For Entry Of Judgment of $200, plus statutory interest, because the Government conceded the case. ("Final Order").  On July 13, 2007, Plaintiff filed a Motion To Vacate, because "the United States has in fact not conceded the matter before this [c]ourt; the case is not moot; judgment should not have been entered for [P]laintiff without also a ruling on the issue of whether [P]laintiff's firearm is a 'machinegun.'"  Pl. Mot. to Vacate at 2.  On July 19, 2007, Plaintiff filed a Motion For Relief From Judgment Or For Reconsideration Or Amendment Of Judgment on the same grounds.  On July 23, 2007, the Government filed a Response.  On July 24, 2007, the court denied both motions.  *See* Order, *Blakley* v. *United States*, No. 06-749 (Fed. Cl. July 24, 2007) (citing *Pohl* v. *United States*, 22 Cl. Ct. 849, 851 (1991) (holding that, when the Government conceded that a taxpayer has a right to monetary relief, a justiciable case or controversy no longer exists and any declaratory interpretation would not be incident to a judgment)).

On August 10, 2007, Plaintiff filed a Motion for attorney fees and costs in the amount of $20,946.40, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and the attorney fee provision of the Internal Revenue Code ("I.R.C."), 26 U.S.C. § 7430.  *See* Pl. AF Mot. ¶¶ 2-3.  On September 10, 2007, the Government filed a Response.  On September 11, 2007, however, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit regarding the court's July 12, 2007 Final Order.  The following day, the court stayed Plaintiff's August 10, 2007 Motion For Attorney Fees.

On June 5, 2008, the United States Court of Appeals for the Federal Circuit affirmed the judgment entered by the United States Court of Federal Claims on July 13, 2007, pursuant to Fed. Cir. R. 36.  *See Blakley* v. *United States*, No. 2007-5164, 2008 WL 2329413 (Fed. Cir. June 5, 2008).  On July 28, 2008, the mandate issued.

On August 4, 2008, the court lifted the September 12, 2007 Stay and directed Plaintiff to file a Reply on or before September 4, 2008.  On September 4, 2008 Plaintiff filed a Reply, together with the September 4, 2008 Declaration of Plaintiff's Counsel, Mr. Robert G. Nath, Esq.  On October 22, 2008, at the request of the Government, the court held an oral argument ("TR 1-61").

---

[5] Section 5852(d) of the NFA provides:

Transfers between special (occupational) taxpayers.--A firearm registered to a person qualified under this chapter to engage in business as an importer, manufacturer, or dealer may be transferred by that person without payment of the transfer tax imposed by section 5811 to any other person qualified under this chapter to manufacture, import, or deal in that type of firearm.

26 U.S.C. § 5852(d).

III.    **DISCUSSION.**

A.      **The Statutory Provisions At Issue.**

1.      **The Equal Access To Justice Act, 28 U.S.C. § 2412.**

Section 2412 of the EAJA provides that:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The EAJA "departs from the general rule that each party to a lawsuit pays his or her own legal fees," *Scarborough* v. *Principi*, 541 U.S. 401, 404-05 (2004), and requires that a trial court award attorney fees, where: "(i) the claimant is a prevailing party; (ii) the government's position was not substantially justified; (iii) no special circumstances make an award unjust; and (iv) the fee application is timely submitted and supported by an itemized statement." *Libas, Ltd.* v. *United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003) (citations omitted).

If a plaintiff establishes status as a "prevailing party," the burden of proof then shifts to the Government to demonstrate that its position was "substantially justified."  *See Scarborough*, 541 U.S. at 414 (holding that Section 2412(d)(1)(A) of the EAJA requires proof "that the position of the United States was substantially justified" [be] "shouldered by the Government."); *see also RAMCOR Servs. Group* v. *United States*, 185 F.3d 1286, 1290 (Fed. Cir.1999) (Since EAJA is not a mandatory fee-shifting statute, the trial court must determine if the Government's position "had a 'reasonable basis in law and fact.'" (citing *Pierce* v. *Underwood*, 487 U.S. 552, 566 (1988))).

2.      **The Internal Revenue Code, 26 U.S.C. § 7430.**

Congress also authorized administrative and litigation costs for "any administrative or court proceeding [that] is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title[.]"  26 U.S.C. § 7430(a).  To receive an award of costs under I.R.C. Section 7430, Plaintiff must establish that: (1) Plaintiff is the prevailing party; (2) the award is for "reasonable" administrative and litigation costs, allocable to the United States and not to any other party; (3) Plaintiff has exhausted available administrative remedies within the IRS; and (4) Plaintiff has not unreasonably protracted administrative or judicial proceedings.  *See* 26 U.S.C. § 7430(a), (b)(1)-(3).

In order to be a "prevailing party," the taxpayer substantially must have prevailed regarding the amount in controversy and the most significant issue or set of issues presented. *See* 26 U.S.C. § 7430(c)(4)(A). The taxpayer, however, "shall not be treated as the prevailing party in a proceeding to which subsection (a) applies[,] if the United States establishes that the position of the United States in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B).

### B.    Jurisdiction.

The United States Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States* v. *Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States* v. *Testan*, 424 U.S. 392, 398 (1976)). Therefore, in order to come within the jurisdictional reach of the Tucker Act, a plaintiff must identify and plead a constitutional provision, federal statute, independent contractual relationship, and/or executive agency regulation that provides a substantive right to money damages. *See Todd* v. *United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act.").

Plaintiff's August 10, 2007 Motion For An Award Of Attorneys' Fees And Costs invokes two federal statutes: the EAJA and I.R.C. Section 7430. *See* Pl. AF Mot. at 1. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . in any civil action . . . brought by or against the United States *in any court having jurisdiction of that action*." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). Likewise, I.R.C. Section 7430 allows an award of reasonable litigation costs "[i]n any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax[.]" 26 U.S.C. § 7430(a). Therefore, if the court had jurisdiction over the November 3, 2006 Complaint, the court also has jurisdiction to adjudicate Plaintiff's attorney fee claim. *See Burkhardt* v. *Gober*, 232 F.3d 1363, 1367 (Fed. Cir. 2000) ("We hold that the EAJA language in question, 'having jurisdiction of that action,' is plain, clear, and unambiguous. The words 'that action' clearly refer to the preceding language in the EAJA reciting the 'civil action . . . brought by or against the United States.'"); *see also Glantz* v. *United States*, U.S. Claims LEXIS 205, *8 (1997) ("Had the plaintiffs filed [] a complaint [in the United States Court of Federal Claims for a tax refund], and had the plaintiffs been awarded a refund of the money levied from the bank accounts, as a result of this court's proceedings, this court would have jurisdiction over the plaintiffs' complaint for reasonable administrative and litigation costs." (citing 26 U.S.C. § 7430(c)(4)(C)(ii))).

The Tucker Act authorizes the United States Court of Federal Claims to adjudicate tax refund claims if a taxpayer has paid the full assessed federal tax liability and timely filed a refund claim with the Internal Revenue Service ("IRS") stating the grounds for the claim. *See* 28 U.S.C. §

1491(a); *see also* 26 U.S.C. §§ 6511(a), 7422(a); *Shore* v. *United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (holding that a tax refund claim must be dismissed if the "principal tax deficiency has not been paid in full"). If the claim is denied by the IRS and the taxpayer timely files suit, the United States Court of Federal Claims has jurisdiction to adjudicate the tax refund claim. *See* 26 U.S.C. § 6532(a); *see also* 28 U.S.C. § 1346(a)(1).

In this case, Plaintiff paid the $200 transfer tax and costs imposed by 26 U.S.C. § 5811. *See* Compl. ¶¶ 11-13. Plaintiff later filed a Claim for Refund with ATF that was denied on June 14, 2005. *Id.* ¶¶ 19-20. Therefore, the November 3, 2006 Complaint was timely filed, the court had jurisdiction over Plaintiff's tax refund claim, and now may consider Plaintiff's Motion for attorney fees and costs.

## C.    Standing.

The United States Supreme Court has stated that "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth* v. *Seldin*, 422 U.S. 490, 498 (1975). Standing must be determined "as of the commencement of suit." *Rothe Dev. Corp.* v. *Dep't of Def.*, 413 F.3d 1327, 1334 (Fed. Cir. 2005). The party invoking federal jurisdiction bears the burden of establishing standing. *See Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Specifically, to establish standing, "a plaintiff must show [that] it has suffered an 'injury in fact' that is . . . concrete and particularized and . . . actual or imminent, not conjectural or hypothetical; . . . the injury is fairly traceable to the challenged action of the defendant; and . . . it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc.* v. *Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61).

Plaintiff's Motion For An Award Of Attorneys' Fees states that Plaintiff was the "prevailing party" in the underlying litigation, subject to the July 12, 2007 Final order. *See* Pl. AF Mot. at 1. Plaintiff's Motion is supported by exhibits showing attorney time entries and costs incurred in seeking a tax refund before the court. *See* Pl. AF Ex. 2. Accordingly, Plaintiff has standing to pursue attorney fees and costs before the court.

## D.    Standard Of Review.

In *Hensley* v. *Eckerhart*, 461 U.S. 424 (1983), the United States Supreme Court stated that:

We reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award.

*Id.* at 437.

Although *Hensley* dealt with attorney fees under the Civil Rights Attorney's Fees Awards, 42 U.S.C. § 1988, this direction has been applied to cases under both the EAJA and I.R.C. Section 7430.   *See e.g., Commissioner, I.N.S.* v. *Jean*, 496 U.S. 154, 161 (1990) ("In *Hensley*, we emphasized that it is appropriate to allow the district court discretion to determine the amount of a fee award . . . The EAJA prescribes a similar flexibility.") (citation omitted); *Cassuto* v. *Comm'r of Internal Revenue*, 936 F.2d 736, 742 (2d Cir. 1991) ("[W]e review a trial court's decision whether to award attorneys' fees to a prevailing party, and in what amount, under an abuse of discretion standard.) (citing *Hensley*, 461 U.S. at 437); *Libas*, 314 F.3d at 1364 ("This court reviews a trial court's denial of an EAJA claim for attorneys' fees and expenses under an abuse of discretion standard.").

### E.   The Parties' Arguments Regarding Claimed Attorney Fees And Costs.

#### 1.   The Plaintiff's Argument.

Plaintiff argues that either the EAJA or I.R.C. Section 7430 authorizes an award of $20,946.40 for attorney fees and costs, because Plaintiff was the "prevailing party" in this case.   *See* Pl. AF Mot. ¶¶ 2-3.   Plaintiff prevailed, because the Government conceded the case and therefore, the court's July 12, 2007 Final Order *ipso facto* entitled Plaintiff to a refund of the $200 tax imposed. *Id.*; *see also id.* at ¶ 7.

#### 2.   The Government's Response.

The Government responds that the EAJA does not apply to costs and fees "in connection with any proceeding" to which I.R.C. Section 7430 applies.   *See* Gov't AF Opp. at 2 n. 1 (citing 28 U.S.C. § 2412(e) ("The provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies")).   Therefore, I.R.C. Section 7430 is the only fee-shifting provision that is "operative" in this case.[6]   *Id.*   Plaintiff, however, also cannot recover under I.R.C. Section 7430, because the Government's position was substantially justified.   *Id.* at 5; *see also* 26 U.S.C. § 7430(c)(4)(B)(1) ("A party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified.").

---

[6] In the alternative, the Government argues that, assuming *arguendo* "the EAJA applies here, its waiver pertains to fees and costs associated with 'civil actions,' which does not include attorney fees and costs incurred in connection with administrative activities."   Gov't AF Opp. at 8 (citing 28 U.S.C. § 2412(b)).   Therefore, in any event, "[P]laintiff is not entitled to recover any fees for services rendered prior to June 14, 2005, the date [that] ATF denied his refund claim, because those fees were all incurred in connection with administrative proceedings."   *Id.*

The Government explains that its position was substantially justified under the standard established by the United States Supreme Court in *Pierce* v. *Underwood*, 487 U.S. 552 (1988), *i.e.*, the defendant's position need only be "justified to a degree that could satisfy a reasonable person." Gov't AF Opp. at 5 (quoting *Pierce*, 487 U.S. at 565). Throughout this litigation, Plaintiff has contended that the "AR16" is not a "machinegun," as defined by 26 U.S.C. § 5845(b). *Id.* at 6. Plaintiff's characterization of the "AR16," however, is still in dispute, because the Government conceded this case solely on the basis of an applicable exemption to the tax, under 26 U.S.C. § 5852(d). *Id.*; *see also* Gov't Ex. 1. Although the I.R.C. Section 5852(d) exemption was not cited in Plaintiff's ATF refund claim or in the November 3, 2006 Complaint, it was "discovered by the research and due diligence of the Government's own counsel after discovery commenced in this case." Gov't AF Opp. at 6. In fact, if "[P]laintiff explicitly asserted the exemption as a basis for recovery . . . the Government would have considered it then, and this litigation would have been unnecessary." *Id.*

What Plaintiff really seeks in this litigation is a determination that the "AR16" is not a "machinegun." *Id.* Therefore, the Government warns that Plaintiff inevitably will use any award for future litigation to achieve this determination. *Id.* Such a result would "run afoul of the intent of fee-shifting provisions like [I.R.C. Section] 7430 and the EAJA." *Id.* at 6-7 (citing *Cook* v. *Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995) ("[T]he EAJA must be read in light of its purpose to diminish the deterrent effect of seeking review of, or defending against, governmental action.")).

Moreover, even if the court were to determine that the position of the Government was not "substantially justified," Plaintiff still cannot recover all fees and costs under I.R.C. Section 7430, because sovereign immunity is waived only for reasonable administrative costs associated with "administrative proceeding[s] within the Internal Revenue Service." *Id.*; *see also* 26 U.S.C. § 7430(a).[7] The transfer tax imposed by Section 5811 is administered by ATF, not the IRS. *See* Gov't

---

[7] I.R.C. Section 7430(a) provides:

> (a) In general.--In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for–
>> (1) reasonable administrative costs incurred in connection with such administrative proceeding *within the Internal Revenue Service*, and
>> (2) reasonable litigation costs incurred in connection with such court proceeding.

26 U.S.C. § 7430(a) (emphasis added).

AF Opp. at 7; *see also* I.R.C. Section 7801(a)(2)(A)(i).[8]  Therefore, any award under I.R.C. Section 7430 is limited to the reasonable litigation costs incurred in connection only with this court proceeding.  *See* Gov't AF Opp. at 8.

In addition, the fees incurred for Plaintiff's Freedom of Information Act ("FOIA") requests and Plaintiff's request to obtain a disallowance of Plaintiff's refund claim are not recoverable, because they were incurred "in connection with [the ATF] administrative proceeding."  *Id.*; *see also* 26 U.S.C. § 7430(a)(1).

Finally, the rates billed in conjunction with this litigation are unreasonable and excessive. *See* Gov't AF Opp. at 10-11.  I.R.C. Section 7430 caps attorney fees at $125 an hour (allowing adjustments for cost-of-living based on inflation), unless a special factor justifies a higher rate.  *Id.*; *see also* 26 U.S.C. § 7430(c)(1)(B)(iii).  The rates charged by Plaintiff's attorney are far in excess of the statutory limit and no rationale has been provided to justify an award of fees in excess of the statutorily prescribed ceiling.  *See* Gov't AF Opp. at 10.  Therefore, any fee award to Plaintiff may not exceed $9,588 under I.R.C. Section 7430.  *Id.* at 11.

### 3.      The Plaintiff's Reply.

Plaintiff refutes the Government's contention that "Section 7430 of the Internal Revenue Code supplants the EAJA in tax cases [and] that Section 7430 does not apply [here,] because Section 7430 is confined to actions where the [IRS] is involved."  Pl. AF Reply at 7-9.  Plaintiff recognizes that "[u]nderstandably, the Government would like no fee statute to apply, but it cannot have it both ways."  *Id.* at 8.  I.R.C. Section 7430 applies to "any" administrative or court proceedings, and does not specifically preclude an award of costs before agencies other than the IRS.  *Id.* at 9 (quoting 26 U.S.C. § 7430 (a) ("In *any* administrative *or* court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax[.]") (emphasis

---

[8] I.R.C. Section 7801 provides:

(A) In general.--The administration and enforcement of the following provisions of this title shall be performed by or under the supervision of the Attorney General; and the term "Secretary" or "Secretary of the Treasury" shall, when applied to those provisions, mean the Attorney General; and the term "internal revenue officer" shall, when applied to those provisions, mean any officer of the Bureau of Alcohol, Tobacco, Firearms, and Explosives so designated by the Attorney General:
(i) Chapter 53.

26 U.S.C. § 7801(a)(2)(A)(i).

The transfer tax and exceptions to the tax at issue in this case are found in Chapter 53, "Machine Guns, Destructive Devices, and Certain Other Firearms."  *See* 26 U.S.C. § 5811.

added)).  In addition, if the Government is correct and I.R.C. Section 7430 does not apply, then, "by that logic," the EAJA must apply.  *See* Pl. AF Reply at 8.

In addition, Plaintiff contends that the Government's claim that it discovered the transfer tax exemption through its own diligence, and therefore was "substantially justified," is not correct, because "the tax exemption here is the transferor's to invoke - not the Government's," and that "Plaintiff elected to forego that right."  *Id*. at 11 (citing 26 U.S.C. § 5852(f); 27 C.F.R. § 479.88(b), (c)).  In the alternative, all of the attorney fees and costs incurred could have been avoided, if the Government invoked the exemption at the beginning of the administrative proceedings.  *Id*.  Plaintiff never tried to conceal any facts related to the exemption, "from the first document filed with [ATF]." *Id*.  Therefore, it "defies logic" that the Government was "substantially justified" in litigating this case for a long period of time, when the grounds on which it ultimately conceded were known to the Government before Plaintiff filed the November 3, 2006 Complaint.  *Id*. at 11-12.

Plaintiff also takes issue with the Government's prediction that Plaintiff "will undoubtedly initiate a firearm classification suit or similar action" and again ask for fees in that suit.  *Id*. at 12 (quoting Gov't AF Opp. at 6-7).  Even if "the Government's speculation were accurate, its argument amounts to a suggestion that Plaintiff cannot take his claim to another court," although he may be entitled to do so.  *Id*. at 13.

Finally, Plaintiff challenges the Government's statement that the attorney fee amounts are unreasonable and excessive.  *Id*. at 14-15.  So long as pre-litigation fees and costs are "incurred or paid in preparation for trial of the specific case before the court," they may be recovered, including Plaintiff's FOIA request, filed in preparation for this litigation.  *Id*. at 14.  The EAJA permits the court to look at the degree of success obtained in determining if enhanced rates should be available and, in this case, "success was complete."  *Id*. at 15.

F.     **The Court's Resolution Regarding Claimed Costs, Fees, Or Other Expenses.**

1.     **Section 7430 Of The Internal Revenue Code Governs Any Entitlement To "Costs, Fees, Or Other Expenses" In This Case.**

Plaintiff's August 10, 2007 Motion relies on two separate attorney fee and cost statutes: I.R.C. Section 7430 and EAJA Section 2412.  *See* Pl. AF Mot. at 1.  The latter provision provides that "this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies[.]"  28 U.S.C. § 2412(e).  I.R.C. Section 7430 applies to "any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax[.]"  26 U.S.C. § 7430(a).  In the ATF and this court, Plaintiff sought a refund of a $200 transfer tax.  *See* Compl. ¶ 1 ("This is an action for recovery of an internal revenue tax erroneously or illegally assessed, collected, and not refunded.").  Accordingly, I.R.C. Section 7430 governs any entitlement to fees and costs.  *See Cassuto*, 936 F.2d at 742 ("Congress has made clear its intent to separate the awarding of litigation costs in the tax area from the general civil area to which the EAJA applies."); *see also Lawler* v. *United States*, 16 Cl. Ct. 53, 55 (1998)  ("Section 7430 fully

11

supplanted the EAJA for the award of attorneys' fees and costs in proceedings to which [S]ection 7430 is applicable.").

> **2.      Each Of The Requirements Of Section 7430 Of The Internal Revenue Code Has Been Satisfied.**

> **a.      Plaintiff Established "Prevailing Party" Status.**

To be a "prevailing party" under I.R.C. Section 7430, Plaintiff must show that he "substantially prevailed with respect to the amount in controversy or . . . with respect to the most significant issue or set of issues presented[.]"  26 U.S.C. § 7430(c)(4)(A)(i).  Plaintiff must also show that he meets certain net worth requirements.  *See* 26 U.S.C. § 7430(c)(4)(A)(ii).  In this case, the Government does not contest that Plaintiff prevailed with respect to the amount in controversy or that Plaintiff met the financial requirements of the statute.  *See* Gov't AF Opp.; *see also* Pl. AF Ex. A (Declaration of Brian A. Blakley).  Instead, the Government argues that no fees or costs are due in this case, because "[a] party shall not be treated as the prevailing party . . . if the United States establishes that the position of the United States in the proceeding was substantially justified."  26 U.S.C. § 7430(c)(4)(B); *see also Larsen* v. *United States*, 39 Fed. Cl. 162, 167 n. 8. (1997) ("Pursuant to recent amendments to I.R.C. § 7430, [the Government] now bears the burden of demonstrating that its position was substantially justified." (citing 26 U.S.C. § 7430(c)(4)(B))); *see also Schlicher* v. *Comm'r of Internal Revenue*, 73 T.C.M. (CCH) 2501, 2503 (1997) (amendments to I.R.C. Section 7430 shifted the burden to the Government to establish whether its position was substantially justified in proceedings commenced after July 30, 1996).

I.R.C. Section 7430 does not define "substantially justified," however, federal appellate courts have interpreted this phrase in considering fee requests under the EAJA.  *See Sharp* v. *United States*, 20 F.3d 1153, 1154 (Fed. Cir. 1994).  In the context of an award of attorney fees under the EAJA, the United States Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person."  *Pierce*, 487 U.S. at 565 (holding that the government's position must be "justified to a degree that could satisfy a reasonable person," and have "a reasonable basis in both law and fact." (citations omitted)); *see also Huffman* v. *Commissioner*, 978 F.2d 1139, 1143 (9th Cir. 1992) ("The reasoning employed by the courts under the attorney's fees provision of the [EAJA] applies equally to review under [S]ection 7430.").

In determining whether the Government's position was substantially justified, the trial court must review "the facts reasonably available to [the Government] when the position was maintained."  *Schlicher*, 73 T.C.M. (CCH) at 2503.  The term "position of the United States" refers to the Government's position "throughout the dispute, including not only its litigating position but also the agency's administrative position."  *Doty* v. *United States*, 71 F.3d 384, 386 (Fed. Cir. 1995); *see also Gavette* v. *Office of Personnel Management*, 808 F.2d 1456, 1467 (Fed. Cir. 1986) (*en banc*) ("[I]t is now clear that the position of the United States includes the position taken by the agency at the administrative level.").  Both agency action or inaction and the litigating conduct of the Government

12

are to be reviewed as a whole. *See Comm'r* v. *Jean*, 496 U.S. at 159 (advising that "the court need make only one finding about the justification of [the Government's] position").

In this case, Plaintiff registered one "AR16" with the ATF for a determination that it was a "rifle," and not subject to the 26 U.S.C. § 5811 transfer tax. *See* Compl. ¶ 11. Subsequently, Plaintiff registered another "AR16," but paid the $200 transfer tax. *Id*. ¶¶ 11-13. Then, Plaintiff sought a refund of the tax paid on the second transaction, but that claim was denied by ATF on the grounds that the "AR16" was a "machinegun," and therefore taxable under I.R.C. Section 5811. *Id*. ¶¶ 19-20. In denying Plaintiff's refund claim, ATF acknowledged that Plaintiff was a special occupational taxpayer, but failed to recognize that this fact exempted Plaintiff from the transfer tax under 26 U.S.C. § 5852(d). *See* Pl. Ex. 5.[9] As a result, Plaintiff filed a tax refund suit in the United States Court of Federal Claims. *See* Compl. at 8 (Prayer for Relief) (requesting the court "grant judgment in favor of Plaintiff, and against Defendant, on Plaintiff's claim for tax refund in the amount of $200.00"). Subsequently, however, the Government discovered the exemption to the transfer tax and conceded the case, but specifically reaffirmed the ATF's determination that the "AR16" was a "machinegun." *See* Gov't AF Opp. at 6; Gov't Ex. 1.

Although the Government conceded that Plaintiff was entitled to a refund of the $200 transfer tax, as a matter of law, that concession, without more, does not establish that the Government's position was not "substantially justified." *See Swanson* v. *Commissioner*, 106 T.C. 76, 94 (1996) (determining the "substantial justification" of a litigant's position *depends on all the facts and circumstances* surrounding a proceeding; the fact that respondent ultimately concedes or loses a case is not determinative) (emphasis added); *see also Estate of Perry* v. *Comm'r*, *Internal Revenue*, 931 F.2d 1044, 1046 (5th Cir. 1991) (recognizing that the Government's failure to prevail is *a factor* that may be considered) (emphasis added). In this case, the Government argues that its position was "substantially justified," because it conceded the case on legal grounds not asserted by Plaintiff either in the ATF refund claim or the November 3, 2006 Complaint filed in the United States Court of Federal Claims, but instead on grounds "discovered by the research and due diligence" of the Government counsel. *See* Gov't AF Opp. at 6. In fact, the Government contends that Plaintiff could have avoided litigation altogether by claiming the exemption, but elected not to do so. *Id*.; *see also* TR at 40-44 (PLAINTIFF'S COUNSEL: "[Plaintiff] wanted a ruling on the public record [that the

---

[9] ATF's June 14, 2005 denial of Plaintiff's refund claim states:

Mr. Blakley, *as a Special Occupational Taxpayer*, Class 2 manufacturer, made the "AR 16" at issue and properly registered it on an ATF Form 2. Mr. Blakley then paid the $200 transfer tax and filed an ATF Form 4 to effectuate the *transfer of the firearm to another Special Occupational Taxpayer*. The transfer of the firearm took place and the transfer application was approved in accordance with the law and regulations. Accordingly, the only basis for refunding the $200 transfer tax is your client's allegation that the item is not a "firearm" within the purview of the NFA.

Pl. Ex. 5 (emphasis added).

"AR16" is not a machinegun.] . . . He wanted to pay the tax and sue for a refund in order to frame the issue as to whether this was indeed a taxable transfer.").

I.R.C. Section 5852(d) is clear: the transfer of a firearm from one qualifying occupational taxpayer to another is not taxable under I.R.C. Section 5811. *See* 26 U.S.C. § 5852(a). Plaintiff's May 14, 2004 Form 4, specifically disclosed that both the transferor and transferee were Class 2 manufacturers (exempt). *See* Pl. AF Reply at 10 (citing Compl. ¶ 9 and Pl. Ex. 1); *see also* 27 C.F.R. § 479.88(a)-(c).[10] Therefore, ATF was on notice that both Plaintiff and the transferee were Special Occupational Taxpayers when the June 14, 2005 denial was issued. *See* Pl. Ex. 1, 5.

ATF is charged with the administration of the transfer tax and exemptions and is responsible for knowing and applying the law. *See* 26 U.S.C. § 7801(a)(2)(A)(i). Plaintiff properly disclosed his exempt status to ATF. It was then ATF's duty to act upon that disclosure. The fact that Plaintiff elected to litigate to obtain a refund of the transfer tax, rather than attempt to have ATF voluntarily reconsider the denial of the refund is not dispositive, since there was no formal procedure at ATF for Plaintiff to pursue. Likewise, the fact that the Government discovered ATF's mistake does not retroactively render the Government's litigating position "substantially justified." The ATF's refund denial was in error and the Government's decision initially to defend that error in litigation was not "substantially justified," albeit that decision subsequently was corrected. Accordingly, the court has determined that Plaintiff was a "prevailing party," meeting the first requirement of I.R.C. Section 7430, and the Government failed to establish that its position was "substantially justified."

---

[10] Section 479.88, Title 27, of the Code of Federal Regulations states:

(a) A firearm registered to a person qualified under this part to engage in business as an importer, manufacturer, or dealer may be transferred by that person without payment of the transfer tax to any other per-son qualified under this part to manufacture, import, or deal in firearms.

(b) The exemption provided in paragraph (a) of this section *shall be obtained by the transferor* of the fire-arm filing with the Director an application, Form 3 (Firearms), Application for Tax-exempt Transfer of Firearm and Registration to Special (Occupational) Taxpayer, in duplicate, executed under the penalties of perjury[.]

(c) *The transferor shall be responsible* for establishing the exempt status of the transferee before making a transfer under the provisions of this section[.]

27 C.F.R. § 479.88(a)-(c) (emphasis added).

14

b.      **Plaintiff Established Reasonable Litigation Costs, In Part.**

i.      **Costs Related To The Administrative Proceedings Before Bureau Of Alcohol, Tobacco, Firearms And Explosives.**

I.R.C. Section 7430 provides that "[i]n any administrative or court proceeding[,]" a taxpayer may recover: "(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. § 7430(a). A "court proceeding" includes proceedings before the United States Court of Federal Claims. *See* 26 U.S.C. § 7430(c)(6) ("The term 'court proceeding' means any civil action brought in a court of the United States (including the Tax Court and the United States Court of Federal Claims)").

The first paragraph of I.R.C. Section 7430(a)(1) provides that a taxpayer may only recover "reasonable administrative costs incurred in connection with such administrative proceeding *within the Internal Revenue Service*[.]" *Id*. (emphasis added). An "administrative proceeding" is "any proceeding or other action *before the Internal Revenue Service*." *Id*. § 7430(c)(5) (emphasis added). The transfer tax levied on Plaintiff, however, was "imposed" by ATF, an entity within the Department of Justice, not by the IRS. *See* Compl. ¶¶ 9, 19; *see also* Gov't AF Opp. at 8 n.6 ("ATF is currently a subdivision of the Department of Justice, as recently reconfigured under the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002)."); 26 U.S.C. § 7430(c)(2)(A), (c)(5). Therefore, Plaintiff cannot recover administrative costs in this case, since they were not incurred in an IRS proceeding. *See Info. Tech. & Applications Corp*. v. *United States*, 316 F.3d 1312, 1320 (Fed. Cir. 2003) ("If the statutory language is plain and unambiguous, then it controls[.]").

In the alternative, Plaintiff argues that if I.R.C. Section 7430 remains confined to matters before the IRS, then the EAJA applies. *See* Pl. AF Reply at 8 ("If the Government's position is correct [that] Section 7430 does not apply because it is confined to IRS proceedings[], then by that logic, the EAJA applies to this attorneys' fees motion."); *see also* TR at 53 (PLAINTIFF'S COUNSEL: "I think the gap-filler point . . . is a valid one in the sense that if [I.R.C.] 7430 is confined to the litigation aspect of this case, then EAJA might be read to apply to the administrative sections."). Plaintiff's assumption, however, is unfounded for two reasons. First, EAJA Section 2412(e) provides that "[t]he provisions of this section *shall not apply* to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies[.]" 28 U.S.C. § 2412(e) (emphasis added). Second, EAJA Section 2412 authorizes the award of fees and costs only in a "civil action . . . in any court having jurisdiction of such action[,]" not for administrative proceedings. *See* 28 U.S.C. § 2412(a)(1).[11] Although EAJA Section

---

[11] EAJA Section 504 authorizes the recovery of attorney's fees only in connection with adversary proceedings:

[a]n agency that conducts an adversary adjudication shall award, to a prevailing party

2412 does not define "civil action," [12] the United States Court of Appeals for the Federal Circuit has held that "the EAJA as a waiver of sovereign immunity is to be strictly construed, 'civil action' should be given . . . its ordinary (and most restrictive) meaning to include only judicial proceedings." *Levernier Constr., Inc.* v. *United States*, 947 F.2d 497, 503 (Fed. Cir. 1991) (holding that the prosecution of an equitable adjustment claim before a contracting officer was not a "civil action," within the meaning of the EAJA). Accordingly, in this case, Plaintiff may seek to recover only "reasonable litigation costs" incurred after June 14, 2005, the date that the ATF denied Plaintiff's refund claim, thereby leaving a Complaint in the United States Court of Federal Claims as Plaintiff's only remaining forum for obtaining a refund of the transfer tax.[13]

ii.     **Litigation Costs Related To The Proceedings Before The United States Court Of Federal Claims.**

If Plaintiff fulfills the other requirements of I.R.C. Section 7430, Plaintiff is entitled to recover "reasonable litigation costs incurred in connection with [the] court proceeding[s]." *See* 26 U.S.C. § 7430(a)(2). "Reasonable litigation costs" are defined as "reasonable court costs[] based upon prevailing market rates for the kind or quality of services furnished[.]" 26 U.S.C. § 7430(c)(1)(A)-(B). Such costs can include:

(i) the reasonable expenses of expert witnesses in connection with a court proceeding, except that no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States,

---

other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 504(a)(1). The ATF adjudication was not an adversary proceeding.

[12] Section 2412(d)(2)(E) defines "civil action" to "include[] an appeal by a party, other than the United States, from a decision of a contracting officer rendered pursuant to a disputes clause in a contract with the Government or pursuant to the Contract Disputes Act of 1978[.]" 28 U.S.C. § 2412(d)(2)(E).

[13] Although neither party nor the court identified any cases where a plaintiff sought attorney fees and costs under I.R.C. Section 7430 after the ATF erroneously imposed a tax, the court's conclusion is also supported by the statute's legislative history. In 1982, Congress enacted I.R.C. Section 7430 as part of the Tax Equity and Fiscal Responsibility Act, Pub. L. No. 97-248, 96 Stat. 324. At that time, ATF was part of the Department of Treasury. When the duties of the ATF were transferred to the Department of Justice in 2002, Congress did not elect to change the requirements of I.R.C. Section 7430, precluding the recovery of fees and costs incurred before ATF.

(ii) the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and

(iii) reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $125 per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate.

*Id*. at § 7430(c)(1)(B)(i)-(iii).

The statutory $125 cap on attorney fees periodically is adjusted by the IRS, based on inflation. The adjusted rates for calendar years 2005, 2006, 2007, and 2008 are respectively: $150, $160, $170, and $170 per hour. *See* Rev. Proc. 2004-71; Rev. Proc. 2005-70; Rev. Proc. 2006-53; Rev. Proc. 2007-66. Because Plaintiff seeks attorney fees in this case in excess of these rates, the court is required to determine if any "special factors" are present. *See* 26 U.S.C. § 7430(c)(1)(B)(iii); *see also Anthony* v. *United States*, 987 F.2d 670, 675 (10th Cir. 1993) (Under Section 7430, "[t]he taxpayer seeking reimbursement has the burden of establishing the reasonableness of the fees.").

Plaintiff argues that his attorney is entitled to enhanced rates, because "success was complete." Pl. AF Reply at 15 (citing *CEMS, Inc.* v. *United States*, 65 Fed. Cl. 473 (2005) (involving an award of attorney fees under the EAJA)). This fact alone, however, does not justify an award above the statutory limit. According to the Code of Federal Regulations:

The novelty and difficulty of the issues, the undesirability of the case, the work and the ability of counsel, *the results obtained*, and customary fees and awards in other cases, are factors applicable to a broad spectrum of litigation and *do not* constitute special factors for the purpose of increasing the [] per hour limitation. The limited availability of a specially qualified representative for the proceeding does constitute a special factor justifying an increase in the [] per hour limitation.

26 C.F.R. § 301.7430-4 (current through December 23, 2008) (emphasis added). Moreover, Plaintiff's July 13, 2007 Motion To Vacate The Court's Final Order, however, argued that "judgment should not have been entered for [P]laintiff without also a ruling on the issue of whether [P]laintiff's firearm is a 'machinegun'[,]" indicating that Plaintiff did not think "success was complete." *See* Pl. Mot. to Vacate at 2; *see also* Pl. AF Reply. at 15. Therefore, Plaintiff has failed to justify an award above the adjusted statutory limit.

There is also a dispute between the parties about Plaintiff's ability to recover attorney fees related to Plaintiff's FOIA request to ATF. *See* Gov't AF Opp. at 8-9; *see also* Pl. AF Reply at 14. The Government contends that attorney fees requested for Plaintiff's FOIA requests, both before and after June 14, 2005, are "in connection with the administrative proceedings" and are therefore not recoverable. *See* Gov't AF Opp. at 9. Specifically, the Government identifies eleven entries on

Plaintiff's attorney's billing records that occurred after June 14, 2005, *i.e.*, 7/22/05, 7/26/05, 9/6/05, 9/16/05, 10/3/05, 10/25/05, 11/18/05, 1/17/06, 1/23/06, 2/8/06, and 2/20/06, that should be excluded, because they relate to the FOIA request.  *Id.* at 8-9.

Plaintiff counters that the FOIA request was "due diligence in determining the legal and factual basis for the Complaint herein," and therefore fees for the request are recoverable.  *See* Pl. AF Reply at 14.  Moreover, Plaintiff does not request reimbursement for the cost of the FOIA request, but instead seeks only attorney fees in connection with drafting and filing the request.  *See* Pl. AF Ex. B (attorney time entry).

As previously discussed, Plaintiff's request for attorney fees prior to ATF's June 14, 2005 refund claim denial were not "incurred in connection with such administrative proceeding *within the Internal Revenue Service*."  *See* 26 U.S.C. § 7430(a) (emphasis added).  On the other hand, Section 7430 provides that reasonable litigation costs include "reasonable fees paid or incurred for the services of attorneys *in connection with the court proceeding*[.]"  26 U.S.C. § 7430(c)(1)(B)(iii). Plaintiff's attorney began work on the FOIA request on July 19, 2004, approximately four months before Plaintiff's refund claim was filed with ATF and approximately two years and three and a half months before the November 3, 2006 Complaint was filed, initiating the "court proceeding."  *See* Pl. AF Ex. B; *see also* Compl. ¶ 19.  Although the initial FOIA request was filed on December 24, 2004, before Plaintiff received the June 14, 2005 denial of his refund claim from ATF, additional work was done on the FOIA request after Plaintiff received the denial.  *See* Pl. AF Ex.  After the June 14, 2005 denial, Plaintiff's attorney considered a "possible narrowing of [the FOIA] request," and "[r]enewed" and "revised" Plaintiff's FOIA demand.  *See* Pl. AF Ex. B (entries for 7/22/05, 11/18/05, and 2/20/06).  Therefore, although the original FOIA request was not made "in connection with the court proceeding," it is reasonable to conclude that the FOIA-related work after the date of the refund claim was "solely" related to the case filed in this court.  *See Oliveira* v. *United States*, 827 F.2d 735, 744 (Fed. Cir. 1987) ("Expenses of an attorney that are not incurred or expended solely or exclusively in connection with the case before the court . . . cannot be awarded under the EAJA."); *see also Larsen*, 39 Fed. Cl. 162, 167 n. 9 ("Although the EAJA and [Section] 7430 differ slightly, the court has held that case law on the EAJA may be instructive in interpreting [Section] 7430, which was promulgated to remedy a gap in the EAJA's coverage of tax suits.").

Finally, the Government argues that attorney fees to obtain a disallowance of Plaintiff's ATF refund claim cannot be recovered.  *See* Gov't AF Opp. at 9.  The fees for this work are "unrecoverable administrative fees."  *Id.*  Plaintiff counters that the fees are allowable, because "obtaining disallowance of Plaintiff's administrative claim" is a "jurisdictional prerequisite to filing

suit." Pl. AF Reply at 15 (citing 26 U.S.C. § 6532(a)(1)).[14]  The court agrees.  Plaintiff is entitled to reimbursement for these fees.

Fees related to Plaintiff's July 13, 2007 Motion To Vacate and Plaintiff's July 19, 2007 Motion For Relief From Judgment Pursuant to Rule 60, however, are excluded.  *See Hensley*, 461 U.S. at 436-37 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  The court necessarily has discretion in making this equitable judgment.").  Although these motions did not "unreasonably protract" these proceedings, but the court considered them without merit, since the court had jurisdiction over the refund of the $200 transfer tax, but no jurisdiction over the classification of the "AR16."

### c.  Plaintiff Established Exhaustion Of All Administrative Remedies.

Plaintiff states that all administrative remedies have been exhausted.  *See* Pl. AF Mot. ¶ 6. The Government does not contest this assertion, and the court discerns no evidence to the contrary. *See generally* Gov't AF Opp.  Therefore, Plaintiff established the third requirement of I.R.C. Section 7430.

### d.  Plaintiff Established That It Did Not Unreasonably Protract The Proceedings.

Although Plaintiff elected to sue for a tax refund in a circuitous effort to establish that the "AR16" was not a "machinegun," as defined by 26 U.S.C. § 5845, that suit did not unreasonably protract tax refund proceedings before this court.  Therefore, Plaintiff established the fourth requirement of I.R.C. Section 7430.

---

[14] Section 6532(a)(1) states:

(a) Suits by taxpayers for refund.--

(1) General rule.--No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1); *see also* Compl. ¶ 4 ("This Court has jurisdiction of this matter pursuant to . . . Section 7422 of the Internal Revenue Code of 1986").

**3.      Total Amount Recoverable By Plaintiff.**

In sum, Plaintiff has met the requirements of I.R.C. Section 7430 and is entitled to recover attorney fees incurred after June 14, 2005, except those fees incurred in connection with Plaintiff's July 13, 2007 Motion To Vacate and July 19, 2007 Motion For Relief From Judgment Pursuant to Rule 60, which includes fees from July 4, 2007 through July 19, 2007.  *See* Pl. AF Ex. B.  In addition, the fees have been adjusted to the statutory per hour limit allowed by 26 U.S.C. § 7430(c)(1)(B)(iii) and Rev. Proc. 2004-71; Rev. Proc. 2005-70; Rev. Proc. 2006-53; and Rev. Proc. 2007-66.  Therefore, Plaintiff is awarded a total of $10,732.00.[15]

**IV.    CONCLUSION.**

For these reasons, Plaintiff's Motion For Attorney Fees is granted, in part.  The Clerk of the United States Court of Federal Claims is directed to enter judgment in favor of Plaintiff in the amount of $10,732.00.

**IT IS SO ORDERED.**

_s/ Susan G. Braden_____
**SUSAN G. BRADEN**
**Judge**

---

[15] To calculate this award, the court: (i) adjusted the attorney fees to the statutory rate for entries July 18, 2005 through July 3, 2007 and August 7, 2007 through September 4, 2008; (ii) added those fees together for a total of $11,498; and (iii) subtracted $766 in client discounts that the court also adjusted, as required by Rev. Proc. 2004-71; Rev. Proc. 2005-70; Rev. Proc. 2006-53; and Rev. Proc. 2007-66.